ROCKMORE *v.* CULLEN & NEWMAN.

Under the act of September 26th, 1883, when the plaintiff in a suit upon an open account in a justice's court has duly proved his account by written affidavit, the introduction of that affidavit in evidence to the jury on the trial of an appeal taken by the defendant, is conclusive upon the right of the plaintiff to recover, unless the defendant has filed his written affidavit denying the justice and fairness of the whole or some part of the account. An unsworn plea will not suffice as a substitute for the affidavit required of the defendant by the statute, nor will a sworn plea unless the oath thereto be in writing.          *Judgment affirmed.*
July 23, 1894.

*Certiorari.* Before Judge HUTCHINS. Walton superior court. August term, 1893.

The suit was on an open account for goods sold. No plea was filed nor appearance made by defendant at the return term, and judgment was rendered against him. He appealed to a jury, who found for the plaintiffs. By petition for *certiorari* defendant alleged that the verdict was contrary to law and evidence; and that the court erred in refusing to allow him to file his plea, and to swear to the same or to testify in his own behalf. It appeared from the answer of the justice, that on the trial plaintiff introduced the account sued on (sworn to) and closed; that defendant offered to introduce some of the goods bought, and himself to testify, to which plaintiffs objected on the ground that no plea had been filed at the first term, and none at this term under oath as required by law; and that defendant offered to swear to

the plea orally, without attaching affidavit, an objection to which was sustained.

CHARLES H. BRAND, for plaintiff in error.
NAPIER & COX, *contra*.