HEYWARD v. FIELD BROTHERS.

Since the passage of the act of October 16th, 1891 (Acts of 1890–91, vol. 1, p. 111), it is not, in a justice's court, essential to the right of amending a plea and making a defense to a suit upon an unconditional contract in writing that the defendant should in writing, at the first term, file his defense. Appearance and marking the name of himself or counsel on the docket is in that court equivalent to filing the general issue, and thereafter any other proper matter of defense may be set up by amendment.

April 1, 1895. Brought forward from the last term. Code, §4271(a–c).

Appeal. Before Judge MILNER. Bartow superior court. January term, 1894.

Suit was brought to the April term, 1892, of a justice's court. The names of attorneys for plaintiffs and for defendant were entered on the docket, and the case was continued to the November term, 1892, by defendant, for providential cause. She filed a plea on November 3, 1892. The case was appealed to the superior court. Plaintiffs there moved to strike the plea, upon the ground that the same was not filed at the term of the justice's court to which the suit was returnable. The motion was sustained, and defendant excepted. It does not appear what the plea was.

W. I. HEYWARD, for plaintiff in error.

J. H. WIKLE, contra.

ATKINSON, Justice.

In the case of McCall v. Tufts, reported in the 85 Ga. 619, it was decided that when a suit is brought in a justice's court upon an unconditional contract in writing, if there be a defense thereto it must be filed at the first term; that if not filed at that term, the defendant loses his right to make any defense to the suit. This decision was based upon an act approved September 26th, 1883 (see Acts of 1882–3, p. 103), and in that decision this act was construed as requiring that a plea

should be filed, and it was accordingly held that a plea could not be filed in a justice's court except it be in writing. Subsequently to the rendition of that decision, however, the General Assembly passed an act of date October 16th, 1891 (see Acts of 1890–1, p. 111), amending the act of 1883, above referred to, by striking therefrom the words "plea is filed" and inserting in lieu thereof the words "defense is made," thus leaving the law as it stood prior to the passage of the act of 1883, in so far as it required formal written pleas to be filed in the justice's court at the first term as essential to the making of other defenses at a subsequent term. Therefore the rule of practice established by the act of 1883, as announced by the decision in *McCall* v. *Tufts, supra,* was repealed by the act of 1891; so that now no formal plea need be filed at the first term in a justice's court. If the defendant, in response to the summons, appear and mark his name, or the name of his counsel, on the docket in that court, it is equivalent to filing the plea of the general issue; it is a *making of his defense* at the first term, and thereafter he may plead any other matter appropriate to his defense.

Let the judgment of the court below be        *Reversed.*