## Lewis *v.* Nevils & Rushing.

The act of September 26, 1883, as amended by the act of October
16, 1891, requiring defenses to actions in justices' courts upon
unconditional contracts in writing to be made at the first term,
is not applicable to a suit like the present upon a written con-
tract which is not unconditional; and consequently, though the
defendant made no appearance or defense in the justice's
court, and a judgment was therein rendered against him by
default, he was not cut off from entering an appeal to the supe-
rior court, nor from making his defense in the latter court, it
appearing that, in compliance with the act of October 15, 1885,
he offered, before the case proceeded to trial on the appeal, to
reduce his defense to writing, and it also appearing that the
amount for which the suit was brought exceeded fifty dollars.
February 10, 1896.

Appeal.　Before Judge Gamble.　Bulloch superior
court.　April term, 1895.

*Brannen & Moore*, for plaintiff in error.
*H. B. Strange*, contra.

Lumpkin, Justice.

On the 20th of May, 1893, a written contract was en-
tered into between William Lewis and J. D. Moye. It
contained the following stipulations: "First, that Wm.
Lewis agrees to pay the said J. D. Moye sixty-five dollars
to work till the 20th of May, 1893. First party further
agrees to pay J. D. Moye eighteen dollars per month for
the balance of the year 1893, or for the time said J. D.
Moye works, money to be paid Nov. 15th, 1893." This

contract was subsequently assigned to Nevils & Rushing, who brought an action thereon against Lewis in a justice's court; and there being no defense or appearance by the defendant, they obtained a judgment on the same for sixty-five dollars.

Lewis entered an appeal to the superior court, and at the hearing of the same offered to file a plea of failure of consideration and of recoupment, alleging therein that the plaintiffs were not *bona fide* holders of the contract before its maturity. The court declined to allow the plea to be filed; and, on motion of the plaintiffs, dismissed the appeal.

We are quite certain that this contract was not an unconditional one. The meaning of the phrase agreeing to pay sixty-five dollars "to work till the 20th of May, 1893," in view of the fact that the contract is dated that very day, is certainly ambiguous; and the further agreement to pay him eighteen dollars per month is necessarily conditioned upon his performing his part of the contract. It follows that the act of September 26, 1883 (Acts of 1882–3, p. 103), as amended by the act of October 16, 1891 (Acts of 1890–91, vol. 1, p. 111), requiring defenses to actions in justices' courts founded upon unconditional contracts in writing to be made at the first term, has no application to cases of this kind. The defendant was not, therefore, cut off either from entering an appeal to the superior court, or from making his defense in that court.

An appeal to the superior court was proper, because the amount for which the suit was brought exceeded fifty dollars; and it appears that before the case proceeded to trial on the appeal, the defendant, in compliance with the act of October 15, 1885 (Acts of 1884–5, p. 97), offered to reduce his defense to writing. The court, therefore, erred in not allowing the plea to be filed, and in dismissing the appeal.                              *Judgment reversed.*