## BARNES *v.* COKER.

When in a suit in a justice's court, on an open account which is verified by the affidavit of the plaintiff, the defendant appears at the first term and files a written plea denying the justice and fairness of the entire account sued on, and the case is regularly continued until the next term, there is no error at the second term in allowing the defendant to amend such plea by attaching thereto an affidavit verifying the same.  .

Argued October 5,—Decided October 31, 1900.

Petition for certiorari. Before Judge Henry. Floyd superior court. May 16, 1900.

*George A. H. Harris & Son,* for plaintiff.
*M. B. Eubanks,* for defendant.

Cobb, J. Suit was brought in a justice's court upon an account which was verified by the affidavit of the plaintiff. At the first term the defendant appeared and filed a plea "denying the justice and fairness" of the account sued on. This plea was not verified. The case was continued at the instance of the defendant. When the case was called for trial at the second term, the plaintiff moved

to strike the defendant's plea, on the ground that the same had not been sworn to; and also moved that judgment be rendered against the defendant for the amount of the account sued on. The defendant, in answer to the motions just referred to, moved to amend the plea by attaching an affidavit thereto verifying the same. The latter motion was sustained, and the motions made by the plaintiff overruled. The case proceeded to trial, and resulted in a judgment in favor of the defendant. The plaintiff presented to the judge a petition for certiorari, in which error was assigned upon the rulings above referred to. The judge refused to sanction the petition, and the case is here upon a bill of exceptions assigning error upon that ruling.

It is contended that when a suit is brought in a justice's court upon an open account, which is verified by the affidavit of the plaintiff, the defendant will not be permitted to set up any defense unless a counter-affidavit is filed at the first term, denying the justice and fairness of the account or some part of the same. When one is sued in a justice's court on an unconditional contract in writing, the law requires that he shall make his defense at the first term. Civil Code, § 4134. But we know of no law requiring one sued upon an open account in a justice's court to make his defense at the first term. See *Lewis* v. *Nevils*, 97 *Ga.* 744. Section 4130 of the Civil Code, which deals with the subject of proof of accounts by written affidavit of the plaintiff, does not so declare. If the defendant enters his appearance at the first term, and especially if he files a written plea at that term denying the justice and fairness of the whole account sued on, we know of no good reason why he should not be allowed to verify the same by affidavit at any time before judgment is rendered. In *Rockmore* v. *Cullen*, 94 *Ga.* 648, it was held that an unsworn plea would not suffice as a substitute for the affidavit required by the statute, nor would a sworn plea unless the oath thereto be in writing. But the question as to whether an unsworn plea could be amended by adding thereto a written affidavit was not involved in that case. Even in the case of a suit in the justice's court on an unconditional contract in writing, it has been held that appearance and marking the name of the defendant or of his counsel on the docket at the first term is equivalent to filing the general issue, and that he might thereafter at a subsequent term set

up by way of amendment any other proper matter of defense. *Heyward* v. *Field*, 95 *Ga.* 714.

The justice did not err in allowing the plea to be amended by attaching thereto the written affidavit of the defendant verifying the same, and therefore there was no error in the refusal of the judge to sanction the petition for certiorari.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*