O'DELL *v.* MEACHAM.

1. When an action is brought in a justice's court upon an open account, the
   correctness of which is verified by the written affidavit of the plaintiff, the
   defendant may, after the case is called for trial and the parties have announced
   ready, file a counter-affidavit, denying the justice and fairness of the account,
   in whole or in part.
2. Where in such a case the defendant files a counter-affidavit denying in toto
   the justice and fairness of the account sued on, there can be no recovery in
   favor of the plaintiff, without evidence to support his claim, other than his
   affidavit verifying the correctness of the account.
3. Where, when such a case is on the appeal in the superior court, the plaintiff
   not only fails to meet the issue raised by the defendant's counter-affidavit, but
   introduces testimony affirmatively showing that the defendant is not liable
   on the account sued on, there is no error in directing a verdict in the latter's
   favor.

Submitted January 14, — Decided March 11, 1902.

Complaint — appeal.   Before Judge Lumpkin.   Fulton superior
court.   April 18, 1901.

*O. E. & M. C. Horton,* for plaintiff.
*Ulysses Lewis,* for defendant.

FISH. J.   Dr. T. A. O'Dell sued G. N. Meacham, in a justice's
court, for an amount exceeding fifty dollars, upon an open account
for medical services rendered the defendant's niece, the correctness
of the account being verified by the affidavit of the plaintiff.   The

case was appealed to the superior court. Upon the trial in the latter court, it appeared, from the summons issued by the justice of the peace, that the case was returnable to the November term, 1900, of the justice's court, to be held on November 14, 1900, and that, at that term and on that day, the defendant filed a counter-affidavit, in which he denied the justice and fairness of the whole account sued on, and alleged that he did not owe the same, nor any part thereof. In the superior court, after a jury had been empaneled to try the case, plaintiff's counsel made a motion to dismiss this counter-affidavit, upon the ground that the same was filed too late, and to direct a verdict for the plaintiff. In support of his motion, the plaintiff offered to introduce parol evidence to show that the counter-affidavit was not filed in the justice's court until the case had been sounded for trial and the parties had announced ready. The court rejected this testimony, and overruled the plaintiff's motion. The plaintiff not being present, his counsel introduced the defendant as a witness, who testified as follows: "That he was the defendant in said case; that he did not send for Dr. T. A. O'Dell to wait upon his niece, who was sick at his house; that his niece was only a visitor at his house; that he had a receipt from Dr. T. A. O'Dell in full of all demands to date; that he did not owe Dr. O'Dell anything." No other evidence was offered, and on motion the court directed a verdict in favor of the defendant; whereupon the plaintiff excepted.

1. Error is assigned in the bill of exceptions upon the ruling of the court, in striking a "certificate of the magistrate showing the time of the filing of the defendant's counter-affidavit, and in refusing to consider the same as a part of the record in the case and as evidence of the time of the filing of the same, upon plaintiff's motion to dismiss defendant's counter-affidavit and direct a verdict for plaintiff." While we think the court did right in striking this so-called certificate, it is entirely immaterial whether this ruling was right or wrong. Error is also assigned upon the refusal of the court to allow the plaintiff to introduce parol evidence for the purpose of showing that the counter-affidavit was not filed until the case was called in the justice's court, and both sides had announced ready. There was no error in this ruling. The defendant had the right to file his counter-affidavit after the case was called and the parties had announced ready. Under the Civil Code, § 4130, an

open account, upon which suit is brought in a justice's court, may, where personal service is perfected on the defendant, be proved by the written affidavit of the plaintiff; "nevertheless, if the defendant will file his affidavit denying the justice and fairness of the whole or any part of such account, the court shall not give judgment in favor of the plaintiff for that part of the account so denied and controverted, unless supported by other proof." There is nothing whatever in this section, or elsewhere in the law of this State, which prescribes the time within which such counter-affidavit by the defendant shall be filed. This section of the Civil Code seems itself to contemplate that the defendant may file a counter-affidavit when the case is called for trial; for it provides that, "In all cases where a counter-affidavit is filed by the defendant, and the plaintiff is not present, it shall be the duty of the justice of the peace to continue such case until the next term of said court." The principle ruled in *Barnes* v. *Coker*, 112 *Ga.* 137, is directly in point upon the question made by the plaintiff. There it was held : "When in a suit in a justice's court, on an open account which is verified by the affidavit of the plaintiff, the defendant appears at the first term and files a written plea denying the justice and fairness of the entire account sued on, and the case is regularly continued until the next term, there is no error at the second term in allowing the defendant to amend such plea by attaching thereto an affidavit verifying the same." Of course, the unsworn plea filed by the defendant in that case, at the first term, was not the counter-affidavit provided for by the Civil Code, § 4130, and only became such when the affidavit verifying the plea was attached thereto at the second term. Though that decision was not rendered by a full bench, and we are, therefore, not compelled to follow it as a precedent, we are entirely satisfied with its soundness, as shown by the opinion of the court, delivered by Mr. Justice Cobb. See also *Lewis* v. *Nevils*, 97 *Ga.* 744.

3. As the plaintiff not only failed to meet the issue raised by the defendant's counter-affidavit, but introduced testimony affirmatively showing that the defendant was not liable upon the account sued on, there was no error in directing a verdict in the latter's favor.

*Judgment affirmed. All the Justices concurring, except Little, J., absent.*