## PEEPLES *et al. v.* SETHNESS COMPANY.

1. Where a verified account is attached to the summons in a justice's court and served on the defendant personally, the affidavit performs the office of evidence, and the plaintiff is entitled to a judgment unless a verified defense is filed.
2. Suit on an unverified account may be met by an unverified plea.
3. But where a suit on an unverified account has been personally served, and the same is met by no defense whatever, the defendant's silence is to be treated as an admission of the correctness of every item in the account, and the plaintiff is entitled to judgment on the call of the docket and without the case being assigned for trial.
4. Questions as to the description or misjoinder of the parties are concluded by the judgment.

Submitted March 7, — Decided March 29, 1904.

Petition for certiorari.　Before Judge Lumpkin.　Fulton superior court.　June 16, 1903.

Sethness Company brought suit on an account in a justice's court against the Southern Bottling Company and Peeples, which was personally served.　There was no appearance for the defendants, and on the first day of the term and on the call of the docket the court rendered judgment for the plaintiff.　The defendants presented their petition for certiorari, on the grounds, (1) that the judgment could not be lawfully rendered without proof of the correctness of the account being first made by the plaintiff; (2) that judgment could not be rendered on the call of the docket without first assigning the case in its regular order; and (3) because it was not alleged whether the Southern Bottling Company was a partnership or a corporation, and Peeples was improperly joined as a defendant.　The court refused to grant the writ of certiorari, and the petitioners therefor excepted.

*Joseph W. & John D. Humphries,* for plaintiffs in error
*Mark J. McCord* and *H. W. Dent,* contra.

LAMAR, J.　If in a justice's court the plaintiff attaches to his summons a verified account and the same is served upon the defendant personally, the affidavit as to the correctness of the account serves the office of evidence, which will be sufficient to make out the plaintiff's claim unless the same is met by a verified defense. Civil Code § 4130.　An unverified account thus sued on may be met by an unverified plea.　But where an unverified ac-

count sued on has been personally served, and is met by no defense whatever, the defendant's silence is to be treated as an admission of the correctness of every item in the account; "the case shall be considered in default," and the plaintiff is entitled to a judgment. *Paris* v. *Hightower*, 76 *Ga.* 631; Civil Code, §§ 5077–8. This judgment may be entered on the call of the docket, and as soon as the fact of default is ascertained.

*Judgment affirmed.    All the Justices concur.*