## 2003. BRIERTON *v.* SMITH.

The counter-affidavit provided by § 4130 of the Civil Code may be filed upon the call of the case at any term subsequent to the institution of the suit; but where, upon the call of a suit on a verified account in a justice's court, the defendant announced ready without filing the counter-affidavit provided by law, it was not error to repel testimony denying the justice and fairness of the plaintiff's claim. It is discretionary with the justice's court, where no counter-affidavit has been filed before the defendant has announced ready, whether the court will suspend the trial at that stage in order to enable the defendant to prepare a counter-affidavit for filing.

Certiorari; from Fulton superior court—Judge Ellis. May 15, 1909.

Argued October 26,—Decided December 4, 1909.

*T. L. Bishop,* for plaintiff. *L. W. Thomas,* for defendant.

RUSSELL, J. Upon the trial of this case in the justice's court the plaintiff introduced the account sued on, and her affidavit as evidence of its justness and correctness. The defendant's counsel then proceeded to introduce the defendant as a witness in her own behalf, and objection was interposed by the plaintiff, upon the ground that no counter-affidavit had been filed. The justice sustained this objection. The defendant thereupon asked for time to write a counter-affidavit and have it verified, preparatory to filing. The justice declined to suspend the trial for this purpose. It ap-

pears, from the answer of the justice, that upon the trial before him the case was in default, and judgment was rendered in behalf of the plaintiff.    The defendant appealed, and the case was subsequently continued for seven terms of the court.    Upon the affidavit of the plaintiff, attached to the original account, the jury rendered a verdict in her favor for $30, claimed to be due for services rendered by her to the defendant.    The judge of the superior court sustained the certiorari brought to review the judgment of the justice's court, and held that the defendant had the right to file a counter-affidavit, if tendered before judgment.    The plaintiff excepts to the judgment sustaining the certiorari.

Section 4130 of the Civil Code provides, that "When suit is brought upon an open account in a justice court, such account may be proved by the written affidavit of the plaintiff, and when so proved, shall be received in evidence as if proved in open court; nevertheless, if the defendant will file his affidavit denying the justice and fairness of the whole or any part of such account, the court shall not give judgment in favor of the plaintiff for that part of the account so denied and controverted, unless supported by other proof.    In all cases when such affidavit to prove the account is made, there shall be personal service upon the defendant before judgment is given for the plaintiff under the provisions of this section.    In all cases where a counter-affidavit is filed by the defendant, and the plaintiff is not present, it shall be the duty of the justice of the peace to continue such case until the next term of said court.    Nothing in this section contained shall apply to suits against administrators and executors on contracts of their deceased testators and intestates."    In construing this section it was held, in Peeples v. Sethness Company, 119 Ga. 777 (47 S. E. 170), that, "Where a verified account is attached to the summons in a justice's court and served on the defendant personally, the affidavit performs the office of evidence, and the plaintiff is entitled to a judgment unless a verified defense is filed."    It is plain from this decision, as well as from the statute itself, that the counter-affidavit, denying the justice and fairness of the account or any part of it, must be reduced to writing and filed.    The plea must be in writing. If the written affidavit is not signed, the plea is amendable, to the extent that the answer may be sworn to.    Barnes v. Coker, 112 Ga. 137 (37 S. E. 104).    In the Barnes case Judge Cobb, delivering

the opinion, says:· "We know of no law requiring one sued upon an open account in a justice's court to make his defense at the first term." So when a plaintiff in a suit upon an open account has verified its correctness by his affidavit,· it is well settled that a defendant may make defense by filing a counter-affidavit, either at the first term or at any subsequent term. But can such defendant demand, as a matter of right, the privilege of filing a counter-affidavit at any time that he sees fit, prior to the rendition of the judgment· or verdict? In discussing this question in *O'Dell* v. *Meacham,* 114 *Ga.* 912 (41 S. E. 42), Justice Fish quotes from §4130, supra, as follows: "nevertheless, if the defendant will file his affidavit denying the justice and fairness of the whole or any part of such account, the court shall not give judgment in favor of the plaintiff for that part of the account so denied and controverted, unless supported by other proof;" and says: "There is nothing whatever in this section, or elsewhere in the law of this State, which prescribes the time within which such counter-affidavit by the defendant shall be filed." He then proceeds to state the rule upon the subject of the time when the counter-affidavit shall be *filed,* which we think fixes the *time* when the defendant may file a counter-affidavit as a matter of right. And we are of the opinion that if it is permitted to be filed later, it is a matter purely within the discretion of the justice's court. The time when the counter-affidavit may be filed as a matter of right is when the case is called for trial; for in the *O'Dell* case, supra, Judge Fish says: "This section of the Civil Code seems itself to contemplate that the defendant may file a counter-affidavit when the case is called for trial; for it provides that, 'In all cases where a counter-affidavit is filed by the defendant, and the plaintiff is not present, it shall be the duty of the justice of the peace to continue such case until the next term of said court'." We bear in mind that it was held· in *Heyward* v. *Field,* 95 *Ga.* 714 (22 S. E. 653), that even in the case of a suit upon an unconditional contract in writing in a justice's court, where there was an appearance, and the defendant's counsel's name was marked upon the docket at the first term, this was equivalent to the filing of a plea of general issue, and, as such, it was amendable at a subsequent term. But in the case at bar, according to the answer of the justice, there was no appearance by marking upon the docket or by affidavit, nor any tender to file the statutory affi-

davit, until after the plaintiff had closed her case. While the greatest liberality of practice must necessarily prevail in a justice's court, still it would not be proper to hold that a justice of the peace has no discretion at all, and no power to expedite the business of his court in an orderly manner and by proper rules of procedure. If the defendant in the justice's court in the present case, before announcing ready, had tendered a proper counter-affidavit, it would have been error for the justice to decline to file it, or to refuse to permit the defendant to testify. On the other hand, we do not think it was error for the judge to decline to allow the defendant or her witnesses to testify when no counter-affidavit had been filed. It may be (and the record supports this inference) that the plaintiff was not present; and if a counter-affidavit had been filed, the plaintiff would have been entitled, as a matter of right, by the very terms of the statute, to a continuance, of which her counsel might have availed himself. As no counter-affidavit was filed before the defendant's offer to introduce testimony, the court and counsel had the right to presume, under the ruling in the *O'Dell* case, supra, that none would be filed. But, be this as it may, we do not think the justice abused his discretion in declining to stay the progress of the case and suspend his court in order to permit counsel for the defendant, at that late day (at the eighth term of the court subsequent to the filing of the suit) to reduce to writing and have verified the counter-affidavit, which even slight diligence would have procured at an earlier date. Even a justice of the peace, in the orderly conduct of his court, should not permit a suitor to play fast and loose with the court. If the defendant could delay the filing of the counter-affidavit until after the plaintiff had announced ready for trial, then, under the provision of the code giving an absent plaintiff in such cases a continuance as a matter of right, it would frequently happen (as it might have happened in this case), that after the plaintiff had made out such a case as to enable him to recover in the absence of a counter-affidavit, he would be compelled himself to ask a continuance; and thereby all of the time consumed on the case would be irretrievably lost. The holding of the Supreme Court in the *Barnes* case, supra, goes to the effect that the defense provided by §4130 (of which the plaintiff has notice) may be amended by attaching an affidavit, and that at any term this defense may be interposed upon the call of the case. It has not

been held that one who, upon the call of the case, has filed no de-fense of any kind must be permitted to introduce testimony in support of a counter-affidavit which has not been filed nor even reduced to writing, and that, upon attention being called to that fact, the court is compelled to suspend in order to permit the affidavit to be reduced to writing and verified. We think that the ruling of the justice of the peace, that the evidence for the defendant was inadmissible in the absence of a counter-affidavit, was correct; and we are of the opinion that the judge did not abuse his discretion in declining, under the circumstances, to suspend in order to enable counsel to reduce to writing a counter-affidavit which could have been filed during seven preceding months. To hold otherwise would be to say that a justice of the peace has no discretion in the conduct of the business before his court. In some justice's courts the meagerness of cases renders the speedy dispatch of cases unimportant, but there are many justice's courts which are thronged by numerous witnesses and litigants, the value of whose time is not only a matter of individual concern, but an item of public interest. In such cases, at least, a justice of the peace ought to be permitted to act upon the maxim vigilantibus et non dormientibus jura subveniunt.                    *Judgment reversed.*