## 1721.  COFFEE v. McCASKEY REGISTER COMPANY.

1. Where, in an action in a justice's court upon a sworn account, there was personal service upon the defendant, it was not error, upon motion, to strike an unsworn plea filed by the defendant, where no effort was made to amend the plea by attaching an affidavit verifying it.  Evidence in support of the unsworn plea was inadmissible; and on the introduc-

tion of the account, verified by an affidavit that it was correct, due, and unpaid, a verdict in favor of the plaintiff was demanded.

2. The provisions of the Civil Code, §4130, permitting the verification of an account by the plaintiff, necessarily and impliedly include the right to verify it by any duly authorized agent of the plaintiff whose knowledge of the facts peculiarly qualifies him to make the necessary affidavit. An attorney at law is such an agent as can properly prove a plaintiff's account, if the facts necessary to prove it rest in his personal knowledge.

Certiorari; from Fulton superior court—Judge Ellis. January 27, 1909.

Argued April 13,—Decided December 4, 1909.

Rehearing denied February 22, 1910.

*C. B. Rosser Jr.,* for plaintiff in error.     *Walter R. Brown,* contra.

RUSSELL, J. The plaintiff in error excepts to the judgment overruling his certiorari. It appears from the record that the McCaskey Register Company brought suit in a justice's court against Coffee, upon an account for a register and register supplies. The account had been credited by a check, but the check was not paid on presentation, and for that reason the credit was taken off, and $1.50 was added for protest fee. The account as thus stated was verified by the affidavit of the plaintiff's attorney. At the appearance term the defendant, by his attorney, filed a plea which was not verified, in which he set up the defense that the check was not presented within a reasonable time, and that by reason of the negligence of the plaintiff in holding the check for an unreasonable time, during which the drawer became insolvent, the defendant, as indorser, was discharged from liability. The justice rendered judgment in favor of the plaintiff, and the defendant appealed to a jury. Upon the trial before the jury the plaintiff's attorney made an oral motion to strike the defendant's plea, upon the ground that the plea was not verified as required by law; the justice sustained this motion, and in the certiorari this ruling is assigned as error. During the trial the plaintiff's attorney searched his pockets for the check of the Kentucky Furniture Company, which had been indorsed by the defendant to the plaintiff, and, failing to find it, asked of the court, in the presence of the jury, permission to go to his office and get it; the court replied that the account had been sufficiently proved anyway, and directed him to hand the papers to the jury. While the jury were making a calculation, from the papers which had been handed them, the plain-

tiff's attorney found the check in his pocket and handed it to the jury, without offering it and giving the defendant's attorney an opportunity to object to the same. The only error assigned upon this in the certiorari is that the submission of the check to the jury, without giving the defendant's counsel the right to object, was contrary to law. It does not appear that the defendant's counsel did not see the plaintiff's counsel hand the check to the jury; and if he did see it, he made no objection at that time. It is also complained that there was submitted to the jury, with the check, the notarial certificate of protest, of which the defendant's attorney was ignorant, and that the court refused to withdraw this evidence from the jury after the jury had signed up a verdict and the papers had been returned to the court, ruling that the objection came too late. Another ground of exception is that the jury were not required to retire to make up their verdict, but rendered the verdict without leaving their seats.

There is really only one question presented by the record. Did the justice of the peace err in striking the unsworn answer of the defendant? We concur in the opinion of the judge of the superior court that this was not error, the answer not being verified as required by the Civil Code, § 4130, and the defendant having made no motion to amend it by attaching the required affidavit in conformity with the ruling in Barnes v. Coker, 112 Ga. 137 (37 S. E. 104). The action was plainly a suit upon an account. While at one time the check had been credited, it appears, upon the statement, that upon its non-payment it was eliminated from the account. If the check had been paid, the account would have been extinguished, but the acceptance of the check and its presentation for payment did not extinguish the account; because a check is not payment until it is paid, unless it is expressly accepted as payment of the pre-existing obligation. It is true that one who indorses a check may be relieved from his liability upon it if, by negligent delay in its presentation, the indorser is subjected to loss which would not have accrued if the check had been timely presented. It is plain to us, however, that this suit was an action of debt upon an account for the price of the register and register supplies, with an additional item of $1.50, the fee for protest, incurred in the endeavor to collect the check. Even if this latter item was objectionable because not of the same nature as the

original account, this objection was not raised; and, for the purpose of a suit in the justice's court, these were simply items of account stated, one of which arose out of the original contract of purchase of the cash register, and the other out of the contract of indorsement. When the check given by Coffee was not paid, suit was brought upon the account for the original cash register and the actual expenses incurred in the effort to collect the check. The decision of the justice in striking the defendant's answer, which was not verified upon oath, was in accord with the ruling of this court in *Seaboard Ry.* v. *Coursey,* 1 *Ga. App.* 662 (57 S. E. 968), in which we held that "a claim for overcharges in freight paid to a common carrier may be sued on in a justice's court as an open account, under the Civil Code, §4130; and when, in such a suit, the account was proved by the affidavit of the plaintiff, and there had been personal service upon the defendant, and the defendant had filed a general denial not sworn to, it was not error, on motion, to strike such plea and enter up judgment for the plaintiff." It was also in accord with the rulings of the Supreme Court in *Peeples* v. *Sethness Co.,* 119 *Ga.* 777 (47 S. E. 170), *Stafford* v. *Wilson,* 122 *Ga.* 32 (5), (49 S. E. 800), and *Brown* v. *Webb,* 121 *Ga.* 281 (48 S. E. 917).

Counsel for the plaintiff in error construes the suit as an action to recover upon the check. Even if this be so, the plea, not sworn to, presented no defense; because the check is an unconditional contract in writing, by which the drawer promises to pay a fixed sum of money instantly upon the presentation of the check to the drawee, who is presumed to have on hand funds belonging to the drawer, subject to the demand of the check; and all defenses to unconditional contracts in writing must be verified.

One other question is raised in the brief, though the point is not explicitly made in the record. Counsel for the plaintiff in error contends that the plaintiff's account was not properly verified, and, therefore, there was no necessity for the verification of defendant's answer. Where the plaintiff fails to verify his cause of action, it is the general rule that the defendant is not required to verify his defense. Therefore, if it be true, as argued by counsel for the plaintiff in error, that the verification by a plaintiff's attorney of an account which is the basis of a suit in a justice's court is not compliance with the requirements of §4130,

then the plaintiff's account in this case was not verified according to law, and no necessity for verifying the answer devolved upon the defendant. We have been unable to find·any ruling upon this exact point, but we see no reason why the attorney for a plaintiff, if he·knows that the account is correct, due, and unpaid, may not make affidavit to that effect as well as the plaintiff himself. It is a general rule that whatever a principal may lawfully do may be done for him by an agent; and an attorney at law is an agent. There might be cases in which the principal might not know whether the account was just and true, due and unpaid, and would have to rely upon the knowledge of that agent having the particular matter in charge, that such was the case. In such a case we are of the opinion that the plaintiff's agent would be included by necessary implication within the term "plaintiff," as used in this code section. In some cases an officer or agent of the plaintiff would of necessity be the only person who could make the necessary affidavit. In the present case the name of the plaintiff, McCaskey Register Company, imports a corporation. If ·it is a corporation, it can only make an affidavit through some animate agent; either its president, general manager, secretary, or the agent who sold the property out of which the indebtedness arose. In strictness, the plaintiff could not make a statutory affidavit in this case, because a corporation can not swear. If, as is unquestionably true, other agents of the corporation would have the power to make the necessary affidavit to verify this account, why could not its attorney charged with the agency of collecting the account, if the defendant had admitted to him the justice of the account and his liability therefor, make affidavit charging him with the liability provided by §4130 of the Code? We think that to ask the question is to answer it. We are, therefore, of the opinion that the judge did not err in overruling the certiorari.

In view of the fact that the question last discussed had not been expressly ruled, and the plaintiff in error, for that reason, may have considered his exceptions meritorious, we decline to allow the damages asked by the defendant in error.

*Judgment affirmed.*