### 2227. CENTRAL OF GEORGIA RAILWAY CO. *v.* DUNCAN.

RUSSELL, J. 1. The exception which assigns error on the refusal of the justice of the peace to allow the defendant in the court below to amend its plea by adding an affidavit could not be considered by the judge of the superior court, because the untraversed answer of the magistrate contradicted the averments of the petition for certiorari as to this point.

2. The judgment is controlled by the rulings in *Seaboard Air-Line Ry.* v. *Coursey,* 1 *Ga. App.* 662 (57 S. E. 968), and *Coffee* v. *McCaskey Register Co.,* 7 *Ga. App.* 425 (66 S. E. 1032); and there was no error in overruling the certiorari. Where the plaintiff's account is proved by affidavit as provided in the Civil Code of 1895, § 4130, and the defendant has filed a general denial not sworn to, the case, so far as the defendant is concerned, is in default, and the direction of a verdict by the magistrate is harmless error. If an offer to amend the defendant's plea by adding the required affidavit had been made before any testimony was offered, the amendment should have been allowed, and the right of supporting the defense by testimony would have followed. *Coffee* v. *McCaskey Register Co.,* supra. But in response to a suit on account verified by an affidavit as provided by the Civil Code of 1895, § 4130, the defendant must likewise swear to his answer; and failing thus to answer, the defendant is not entitled to introduce any evidence, for the reason that he has no plea.

3. Unless the defendant, in response to a suit on account which has been verified by affidavit as prescribed in the Civil Code of 1895, § 4130, swears to his defense, he is not entitled to introduce any testimony, for the reason that he has no plea. *Brierton* v. *Smith,* 7 *Ga. App.* 69 (67 S. E. 375). *Judgment affirmed.*

DECIDED SEPTEMBER 6, 1910.

Certiorari; from Houston superior court—Judge Felton. September 8, 1909.

*R. N. Holtzclaw,* for plaintiff in error. *C. C. Duncan,* contra.