*Owens Johnson, R. E. L. Cone,* contra.

---

### 7129. COUCH *v.* WHITE.

1. It appearing, from the petition for certiorari, that the result reached upon a former investigation of the same case in the magistrate's court had been reviewed by a previous certiorari, and that the holding of the judge of the superior court in sustaining the previous certiorari must, in the state of the record, have been properly construed by him as an adjudication to the effect that the defendant was entitled to amend his plea, and no exceptions having been taken to that judgment of the superior court, the ruling became the law of the case. Consequently, in sustaining the present petition for certiorari and setting aside a verdict in behalf of the defendant, upon the ground that it was contrary to the evidence (it also appearing that evidence offered by the defendant was repelled because of a defect in his plea), it was not error for the judge to give express direction that in a future trial of the case the defendant should be permitted to amend his plea.

2. A trial before a jury in a justice's court is a proceeding de novo, and, although in the previous trial the presiding justice may have stricken a plea which he erroneously refused to permit the defendant to amend, the defendant may either offer to amend the plea or offer a new or additional defense upon the same terms and conditions as if there had been no previous trial.

DECIDED MAY 30, 1916.

Certiorari; from Walker superior court—Judge Wright. November 24, 1915.

*D. F. Pope, J. D. Pope,* for plaintiff.

*M. L. Harris,* for defendant.

RUSSELL, C. J. Dr. Couch sued White upon an account for $100 for medical services. As appears from the record before us, upon the first trial in the justice's court there was a judgment in favor of the plaintiff for the amount sued for. An appeal was taken from this judgment to a jury, and, as appears from the present petition for certiorari, the defendant offered upon the trial of the appeal to amend his plea by verifying the same, but the amendment was disallowed. It does not appear what was the result of the first trial before the jury, but it does appear that the plaintiff sued out a writ of certiorari, upon which the superior court entered a judgment remanding the case to the lower court, and, in obedience to that judgment, the trial now under review was had. In the latter trial, before the introduction of evidence, the defendant again offered to amend his original plea by verifying it, but upon motion of plaintiff's counsel the justice disallowed the amendment. The plaintiff then introduced evidence in proof of his account, which was uncontradicted and entitled him to recover. Thereupon the defendant offered to put in testimony, and stated what he expected to prove by his witnesses, but the court sustained the objection of the plaintiff and refused to permit the defendant to introduce testimony, or even to state to the court what he expected to prove. However, the jury, in spite of the evidence for the plaintiff and the entire absence of any evidence for the defendant, returned a verdict for the defendant, and the plaintiff again sued out a writ of certiorari. The trial judge, upon the proof adduced in the lower court, properly sustained the certiorari, and, we think, with equal propriety gave a mandatory direction for the purpose of enforcing his previous adjudication of the same case upon a record which at that time was before him but which is not before this court.

The plaintiff in error can not complain that a new trial was granted, for he was asking a new trial. He complains that in awarding the new trial the judge ordered that the defendant in certiorari be allowed to amend his plea by verifying it. Even if the defendant did not have any right to amend his plea by verifying it, it appears from the present petition for certiorari that the same point was involved when the case was before the judge of the superior court on the former certiorari, and, in the absence of anything in the present record to inform us to the contrary, it must be

assumed that the point was passed on in sustaining that certiorari. If so, the ruling then made, to which no exception appears to have been taken, fixes the law of the case; and it is too late now to raise the point for the first time. As we have not before us in the record the judgment on the previous certiorari, we must assume that the trial judge properly construed the scope and extent, as well as the meaning of his previous order sustaining the certiorari, and that his judgment in the present case is in accord with his previous ruling. Whether this be so or not, it is so apparent, from the recitals in the petition for certiorari in the present case, that the refusal of the justice of the peace to allow the amendment of the defendant's plea was a controlling point in the previous adjudication, that we can not say that the trial judge erred in giving such direction for the new trial which he was granting as comported with his understanding of the meaning of his previous judgment as he himself construed it. See *Wilensky* v. *Brady,* 121 *Ga.* 90 (48 S. E. 687).

2. The second headnote is our answer to the contention that the offer to amend at the trial upon an appeal to a jury came too late. A justice's court is not a court of record, and the provision for an appeal takes the place of a motion to set aside a judgment, which a justice's court of course can not entertain. *Doughty* v. *Walker,* 54 *Ga.* 596; *Fontaine* v. *Bergen,* 55 *Ga.* 410. The first judgment ordering a new trial put the case back upon appeal in the same sense, with the same rights, and for identically the same purposes, as if the certiorari had not intervened. In this connection see *Cox* v. *Snell,* 77 *Ga.* 469 (77 S. E. 469); *Stafford* v. *Wilson,* 132 *Ga.* 32 (49 S. E. 800).

In *Coffee* v. *McCasky Register Co.,* 7 *Ga. App.* 425 (66 S. E. 1032),—in which case, however, no effort was made to amend the unsworn plea by verifying it,—we held that evidence in support of the unsworn plea was inadmissible, but we did not hold that an amendment, if offered, should not have been permitted. To the same effect was our ruling in *Central Railway Co.* v. *Duncan,* 8 *Ga. App.* 177 (68 S. E. 871), in which we held that where a general denial is not sworn to, the case is practically in default. But in *Brierton* v. *Smith,* 7 *Ga. App.* 69 (66 S. E. 375), we expressly held that the counter-affidavit required by section 4730 of the Civil Code may be filed upon the call of the case at any term subsequent to the institution of the suit.          *Judgment affirmed.*