### 7081. CHARLESTON *v.* EARLY.

BROYLES, J. As admitted by counsel for plaintiff in error in his brief, only a question of fact is involved in this case. There is some evidence to support the finding of the jury upon the issue of fact; and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed.*

DECIDED MAY 31, 1916.

Certiorari; from Morgan superior court—Judge Park. November 5, 1915.

*M. C. Few,* for plaintiff in error. *E. H. George,* contra.

---

### 7084. SIMS *v.* THOMAS.

BROYLES, J. 1. Section 4730 of the Civil Code is in derogation of the common law, and must be strictly construed. Where a suit in a justice's court is based on an open account which has been properly itemized and verified, but service of the suit has been effected upon the defendant by merely leaving a copy of the summons and account at his most notorious place of abode, final judgment for the plaintiff can not be entered by the magistrate unless the account is otherwise proved. This is true although the defendant appears in court and announces ready for trial, and does not file a counter-affidavit or make any other defense to the suit. *Sapp* v. *Mathis,* 12 *Ga. App.* 273 (77 S. E. 102).

2. In this case, upon motion of the defendant, the magistrate dismissed the suit, for want of prosecution, the plaintiff not being present or represented at the trial. In his petition for certiorari the plaintiff asked that the judgment of the magistrate dismissing the suit be reversed, and that final judgment be entered in his favor. The judge of the superior court sustained the certiorari as to the dismissal of the suit, but declined to enter up final judgment for the plaintiff, and remanded the case to the justice's court for a new trial: *Held,* no error.

*Judgment affirmed.*

DECIDED MAY 31, 1916.

Certiorari; from Fulton superior court—Judge Bell. October 20, 1915.

*W. E. Suttles,* for plaintiff. *Walter A. Sims,* for defendant.