## 9789.   BACON *v.* DOUGLAS.

1. The motion to dismiss the bill of exceptions is without merit. See *Morse* v. *Turner*, 20 *Ga. App.* 108 (92 S. E. 767).
2. Under the provisions of the act creating the municipal court of Atlanta, the chief judge of that court, or any other judge acting for the court, may enter judgment in all cases of default, without any call of the docket, on or after the Monday on which the action in default is returnable.

DECIDED JANUARY 15, 1919.

Certiorari; from Fulton superior court—Judge Bell.   April 1, 1918.

Exception is taken to a judgment of the superior court, overruling a certiorari in a case from the municipal court of Atlanta. The petitioner in the certiorari proceeding shows that suit by summons was instituted against him in the municipal court of Atlanta, on an open account, that the account was not sworn to, that the service upon him was not personal, and that the judge of the municipal court proceeded to enter up default judgment against him without first having made an entry of default on the docket, or calling the case for trial and declaring the case in default, and without requiring proof of any kind on the part of plaintiff as to the correctness of the account sued on.   The petitioner says that under these facts the entering of the judgment was contrary to law.   The answer of the municipal judge to the writ of certiorari is in part as follows: "Answering paragraph 3 of said petition, your respondent says that at the time said judgment was rendered he had before him the original suit in said case, showing that service was perfected on the defendant in the manner pointed out by section 36-c of the act creating the municipal court of Atlanta, and judgment was rendered in said case by authority in me vested by section 46 of the act creating the said court, that there was no proof before me other than the original petition of the plaintiff and statement of the plaintiff's claim against the defendant, which was not denied by answer or appearance of the defendant, and return of the officer showing said statement of claim and process had been duly served, as before set forth."

*McClelland & McClelland,* for plaintiff in error.

*E. L. Douglas,* contra.

JENKINS, J.   (After stating the foregoing facts.)   The act of the General Assembly of 1913 (Ga. L. 1913, p. 145) establishing the municipal court of Atlanta, provides in part as follows: "Section 1.   Be it enacted  .  .  . that, effective January first, 1914, all Justices Courts and the office of Justice of the Peace and of Notary Public Ex-Officio Justice of the Peace in the City of Atlanta, Georgia, be and the same are hereby abolished, and in lieu thereof, the Municipal Court of Atlanta is hereby created and established, with the civil and criminal jurisdiction hereinafter provided."   Section 36 provides for the commencement of actions "by summons as now provided for in Justice of the Peace Courts," and proceeds to set forth specifically and in detail how service on the defendant, other than personal service, shall be perfected. Section 37 provides that "suits in this court, except as herein provided or as may be provided by rules of the court, shall proceed as suits or actions in Justices Courts, under the practice thereof existing under the laws relating thereto, and shall be triable at the first term."   Section 46 of the act provides that "in all cases of default, the Chief Judge of said court, or any other Judge acting therefor, may enter judgment without any call of the docket on or after the Monday on which the action in default is returnable." It is the contention of counsel for the plaintiff in error, that since the municipal court of Atlanta was created for the purpose of taking the place of justice's courts in the city of Atlanta, it does not, so far as the necessity for pleadings is concerned, differ from the justice's courts (see *Shippey* v. *Owens,* 17 *Ga. App.* 127 (86 S. E. 407) ) ; also that the case is controlled absolutely by section 4730 of the Civil Code of 1910, which provides as follows: "When suit is brought upon an open account in a justice court, such account may be proved by the written affidavit of the plaintiff, and, when so proved, shall be received in evidence as if proved in open court; nevertheless, if the defendant will file his affidavit denying the justice and fairness of the whole or any part of such account, the court shall not give judgment in favor of the plaintiff for that part of the account so denied and controverted, unless supported by other proof.   In all cases when such affidavit to prove the account is made, there shall be personal service upon

the defendant before judgment is given for the plaintiff under the provisions of this section. In all cases where a counter affidavit is filed by the defendant, and the plaintiff is not present, it shall be the duty of the justice of the peace to continue such case until the next term of said court. Nothing in this section contained shall apply to suits against administrators and executors on contracts of their deceased testators and intestates." Counsel also cite *Peeples* v. *Sethness Co.,* 119 *Ga.* 777 (47 S. E. 170), *Sims* v. *Thomas,* 18 *Ga. App.* 212 (89 S. E. 163), and *Sapp* v. *Mathis,* 12 *Ga. App.* 273 (77 S. E. 102), where it is in substance held that a suit in a justice's court on a verified account, with personal service, entitles the plaintiff to a judgment without further proof, unless a verified defense is filed; and that even though the account be not verified, if the service is personal, the failure of the defend- ant to make any defense amounts to an admission of the correctness of the account, and entitles the plaintiff to a judgment on the call of the docket, and without the case being assigned for trial. The theory, however, on which the municipal-court judge entered his judgment by default upon the unverified account in the absence of personal service, and without requiring proof of its correctness, is based upon the provisions of section 46 of the act as above quoted. The validity of this act is not in question, and under it no entry of default or call of the docket is required, but the provision is that "in all cases of default" the judge "may enter judgment without any call of the docket on or after the Monday on which the action in default is returnable." Do the words, "in all cases," authorize the judge to thus "enter judgment" where the service, though legal, is not personal? We concur in the opinion held by the judge who entered the judgment, and by the superior court judge, that they do. While the act creating the municipal court establishes the practice of that court to be the same as that which obtains in justice's courts, *except as may therein be otherwise provided,* here it seems that there is a specific exception to the rules of such uniform practice and procedure. In justice's courts it is only in some cases that such a default judgment without proof may be entered; while in this municipal court such power is, under the terms of the act, vested in it in all cases.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*