*Watkins, Russell & Asbill,* contra.

---

15169. BARRON BROTHERS *v.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

1. In a suit for damages by a shipper against the delivering carrier for deterioration of goods moving in interstate commerce upon a through bill of lading, where the undisputed evidence for the plaintiff shows that they were sound when received by the initial carrier, but does not affirmatively establish where the injury occurred, there is a common-law presumption, applicable under the Carmack amendment, that the loss occurred on the delivering carrier's line; and, where no evidence tending to rebut this presumption is introduced, a verdict for the plaintiff is demanded.

2. An "attachment case" is subject to the rules of the municipal court of
Atlanta regarding "cases of default."

3. The court erred in sustaining the certiorari and granting a new trial.

DECIDED MARCH 6, 1924.

Certiorari; from Fulton superior court—Judge Humphries. November 2, 1923.

Application for certiorari was denied by the Supreme Court.

On March 7, 1923, Barron Brothers sued out an attachment in
the municipal court of Atlanta against the New York, New Haven
& Hartford Railroad Company, a non-resident corporation. A declaration in attachment was filed on March 12, 1923. The defendant in attachment failed to file an answer. The clerk of the municipal court notified plaintiffs in attachment that the case would be
tried on April 17, 1923, and on that date the plaintiffs appeared for
trial. No appearance was made for the defendant, the case was
treated as being in default, and the trial judge, sitting as court
and jury, after hearing evidence from the plaintiffs, rendered a
verdict and judgment in their behalf, to be made out of the property levied on. Thereafter, on May 15, 1923, the defendant made
its first appearance in the case by suing out a certiorari. The answer of the trial judge was not traversed except in so far as the
4th paragraph thereof stated that the rules of the municipal court
were followed in disposing of the case. In order to avoid the necessity of trying the issue formed by this traverse, counsel for both
sides agreed to, and filed in court, a written statement outlining
the practice rules of the municipal court. The judge of the superior court sustained the certiorari and granted a new trial, and to
this judgment the plaintiffs excepted.

*Watkins, Russell & Asbill,* for plaintiffs.

*Dorsey, Brewster, Howell & Heyman,* for defendant.

BROYLES, C. J. (After stating the foregoing facts.) 1. The
answer of the trial judge sets forth the following evidence: "On
July 22, 1920, plaintiffs delivered to the Macon and Birmingham
Railway Co., at Thomaston, Ga., 456 crates of peaches in good
order, which were loaded in car FGE 24063 and consigned to the
Georgia Fruit Exchange at Potomac Yards, Va. Upon arrival of
the car at Potomac Yards the same was diverted to H. B. Fisk &
Co., Providence, R. I., and said car was delivered to the defendant
in time for the peaches to have arrived in Providence July 28,

1920. The usual running time for delivery from Potomac Yards to Providence was such that they should have been delivered on July 28, 1920, if they had not been delayed. On arrival and inspection on July 30 many of the peaches were spoiled and decayed, and the delay was the cause of the spoiled and decayed condition. Had the peaches arrived in good condition their market value at Providence would have been $4 per crate and would have netted plaintiff $1,262.87, but, due to the decayed condition, they netted plaintiff $666.32, resulting in a damage of $596.55. The plaintiff's witness also testified that he had been engaged in handling peaches for several years and was familiar with the thing which caused decay in transit, and was familiar with the usual running time between Potomac Yards and Providence, R. I. He also testified that a claim for loss and damages was filed with the Macon and Birmingham Railway Co., the initial carrier, on August 30, 1920, and that an amended claim was filed March 3, 1921, and that the claim had been declined in full. The witness also identified a copy of the amended claim filed March 3, 1921, copies of which bill of lading and amended claim are hereto attached and marked Exhibits A and B of this answer." This part of the answer was not traversed, and it is well settled that "in a certiorari case the answer of the trial judge is the only source from which knowledge of the facts of the case and the rulings made therein can be derived." *Gilmore* v. *Georgian Co.,* 17 *Ga. App.* 759 (88 S. E. 416).

The above-stated facts bring the instant case squarely within and under the ruling of the Supreme Court of the United States in the case of Chicago & Northwestern Railway Co. *v.* Whitnack Produce Co., 258 U. S. 369, where it was held: "1. When goods moving in interstate commerce upon a through bill of lading are delivered in bad condition and the evidence shows that they were sound when received by the initial carrier but does not affirmatively establish where the loss occurred, there is a common-law presumption, applicable under the Carmack Amendment, against the delivering carrier, that the injury occurred on the delivering carrier's line. 2. There is no inconsistency between this rule and the provision of the amendment making the initial carrier also liable." See also *Illinois Central R. Co.* v. *Banks,* 31 *Ga. App.* 756 (502 S. E. 756).

2. It follows that since the evidence introduced upon the trial

demanded a verdict and judgment in favor of the plaintiffs, the
only other question for determination is whether or not the trial
judge erred in treating the case as being in default. The practice
in the municipal court of Atlanta as to default cases is set out in the
agreement of counsel as follows: "Rule No. 8 of the 'Rules for
the Municipal Court' is as follows: 'Rule No. 8. Default judg-
ments and verdicts where proof is necessary may be taken on
the second day of the term to which said case is made return-
able, or thereafter, at such time as will not interfere with the
contested litigation of said court.' For his own convenience,
the clerk of the court separates the papers in all 'default' cases,
with the exception of those based upon a sworn open account,
from the general file and places them into a file known as the
'default file.' The plaintiff may at any time secure these papers,
present them to the court with the necessary evidence, and secure
his judgment. 'Default' cases are not placed upon the trial calen-
dar of the Municipal Court. In order to prevent an accumulation
of 'default' cases, and for the purpose of serving notice upon the
plaintiff that the case is 'in default' and ready for judgment, it
is the practice of the clerk of the court, at such time as he deems
fit, to send a written notice to counsel for the plaintiff, to the effect
that the case will be placed upon the 'trial calendar' to be called by
the Chief Judge of the court at 10 o'clock on a named day, and that
unless disposed of by the plaintiff the same will be dismissed for
want of prosecution. There is no definite or stipulated time for
the calling of such 'default' cases, and no notice is given to the
bar generally, either by publication, the formation of a calendar
on file in the clerk's office, or otherwise, that 'default' cases will
be called at a specified time. The 'default' cases are not placed
upon any trial calendar, but the court papers in these cases are
handed to the Judge, who calls the names of the cases in open
court at 10 o'clock on the day named. If there is no answer the
case is dismissed for want of prosecution. If the plaintiff is pres-
ent and ready with evidence to support his case, the matter is tried
by the Chief Judge or is sent to one of the other trial judges of
the court for disposition. The present case has never been on the
trial calendar of the municipal court of Atlanta. It was not on
the trial docket for Tuesday, April 17, 1923, and was not called
as a regular trial case. As no answer was filed to the declaration

in attachment in this case, and as no appearance was made, the case was treated by the clerk of the court as a 'default' case. The papers were placed in the default file."

Section 46 of the act establishing the municipal court of Atlanta (Ga. L. 1913, p. 145) provides: "In all cases of default, the Chief Judge of said court, or any other Judge acting therefor, may enter judgment without any call of the docket on or after the Monday on which the action in default is returnable." In construing this section the Court of Appeals in the case of *Bacon* v. *Douglas,* 23 *Ga. App.* 262, 264 (97 S. E. 862), said: "The validity of this act is not in question, and under it no entry of default or call of the docket is required, but the provision is that 'in all cases of default' the judge 'may enter judgment without any call of the docket on or after the Monday on which the action in default is returnable.' Do the words, 'in all cases,' authorize the judge to thus 'enter judgment' where the service, though legal, is not personal? We concur in the opinion held by the judge who entered the judgment, and by the superior-court judge, that they do. While the act creating the municipal court establishes the practice of that court to be the same as that which obtains in justice's courts, *except as may herein be otherwise provided,* here it seems that there is a specific exception to the rules of such uniform practice and procedure. In justice's courts it is only in some cases that such a default judgment without proof may be entered; while in this municipal court such power is, under the terms of the act, vested in it in all cases." The provisions of section 46, supra, referring to "all cases of default" is obviously broad enough to include an attachment case in which no answer has been filed at the appearance term; and in the instant case the practice pertaining to default cases in the municipal court of Atlanta was strictly followed.

It is true that the defendant was never notified of the trial. However, it would have received notice if it had filed an answer. The attachment was ample notice to the defendant that a defense should be made, if any existed, and after the levy the defendant had a reasonable time in which to file an answer. See, in this connection, Pennoyer *v.* Neff, 95 U. S. 714 (24 L. ed. 565). In the instant case no general judgment in personam was rendered, but merely a judgment in rem. The failure to place the case upon the tentative calendar published in the Fulton Daily Report is of no

legal import.  See *Watts* v. *Jackson, 22 Ga. App.* 31 (95 S. E. 324).

3.  It is our opinion that the case was tried in accordance with the rules of the municipal court, and that the evidence demanded the verdict and judgment in favor of the plaintiffs.  The judge of the superior court, therefore, erred in sustaining the certiorari and granting a new trial.

*Judgment reversed.    Luke and Bloodworth, JJ., concur.*