## 18323.  DIXON *v.* HOLLIMAN.

1. The denial of the justice and fairness of an account sued on in a justice's court and proved by affidavit, under § 4730 of the Civil Code of 1910, must be in writing and sworn to.
2. Where an account is sued on in a justice's court, it is sufficiently proved when the affidavit attached to it is in writing, signed by the plaintiff, and sworn to before an officer authorized to administer oaths.
3. Under section 4730 of the Civil Code (1910), it is only "where a verified account is attached to the summons in a justice's court and served upon the defendant personally" that "the affidavit performs the office of evidence."

DECIDED NOVEMBER 16, 1927.

Appeal; from Laurens superior court—Judge Camp.   June 11, 1927.

*William Brunson,* for plaintiff in error.   *W. A. Dampier,* contra.

BLOODWORTH, J.   This was a suit in a justice's court on an open account which was verified by the affidavit of the plaintiff as follows: "The above account sworn to and subscribed before me this the 19th day of March, 1926.   Ira Holliman.   Nathan Gilbert, J. P."   The defendant did not comply with the provisions of section 4730 of the Civil Code of 1910, and "file his affidavit denying the justice and fairness of the whole or any part of such account."   After judgment against him the defendant appealed to the superior court and there filed a plea.   This plea was afterwards "disallowed, because filed too late."   The defendant offered an amendment to the plea which had been stricken, and the amendment was also disallowed.   The defendant excepted pendente lite to the order striking the original plea and to the order disallowing the amendment.   Upon the trial a verdict for the plaintiff was directed.   A motion for a new trial was overruled, and the defendant excepted.

---

Accounts and Accounting, 1 C. J. p. 659, n. 63; p. 664, n. 38, 45, 49; p. 666, n. 70, 71; p. 667, n. 95, 96, 97, 99; p. 668; n. 3.

Statutes, 36 Cyc. p. 1179, n. 16.

1. The law directly involved in this case is § 4730 of the Civil Code of 1910. It will be seen that this section provides that "When suit is brought upon an open account in a justice court, such account may be.proved by the written affidavit of the plaintiff, and, when so proved, shall be received in evidence as if proved in open court; nevertheless, if the defendant will file his affidavit denying the justice and fairness of the whole or any part of such account, the court shall not give judgment in favor of the plaintiff for that part of the account so denied and controverted, unless supported by other proof." There is "nothing in the law of this State which prescribes the time within which such counter-affidavit by the defendant shall be filed," yet "the time when the counter-affidavit may be filed as a matter of right is when the case is called for trial." *Brierton* v. *Smith,* 7 *Ga. App.* 69, 71 (66 S. E. 375); *O'Dell* v. *Meacham,* 114 *Ga.* 910, 912 (41 S. E. 41). Counsel for plaintiff in error insists that as his name was marked on the docket in the justice's court, this amounted to a plea of the general issue, and he should be allowed to amend, but under the statute this is not sufficient. Indeed, in *Rockmore* v. *Cullen,* 94 *Ga.* 648 (21 S. E. 845), it was held that "an unsworn plea will not suffice as a substitute for the affidavit required of the defendant by the statute, nor will a .sworn plea, unless the oath thereto be in writing." Referring to the case of *Barnes* v. *Coker,* 112 *Ga.* 137 (37 S. E. 104), Justice Fish, in *O'Dell* v. *Meacham,* supra, said: "Of course, the unsworn plea filed by the defendant in that case at the first term was not the counter-affidavit provided for by the Civil Code, § 4130 [§ 4730 of the Code of 1910]." If the plea is not sworn to, it does not amount to the counter-affidavit provided by section 4730 of the code, and, so far as the defendant is concerned, the case is in default. *Central of Ga. Ry. Co.* v. *Duncan,* 8 *Ga. App.* 177 (2, 3) (68 S. E. 871). In the case which we are now considering no written plea was filed in the justice's court, nor did counsel offer to file one. See *Coffee* v. *McCaskey Register Co.,* 7 *Ga. App.* 425 (66 S. E. 1032). Under the facts in this case and the principle announced in *Draper* v. *Burr Mfg. Co.,* 10 *Ga. App.* 321 (73 S. E. 534), the plea filed in the superior court was properly stricken, and the amendment thereto was properly disallowed.

See, in this connection, *Freeman* v. *Carr,* 104 *Ga.* 718 (30 S. E. 935) ; *Morgan* v. *Mayor &c. of Cohulta,* 120 *Ga.* 423 (4) (47 S. E. 971), and cit.

2.    It was insisted by counsel for plaintiff in error that the account sued on was improperly admitted in evidence, because not properly verified. We can not agree with this contention. The account was sufficiently verified. The affidavit attached to it was in writing, signed by the plaintiff, and sworn to before a justice of the peace.

3.    As the account sued on was sworn to, it was not inadmissible in evidence on the ground that it was not properly verified; yet the court erred in rendering a judgment for the plaintiff, because the statute, § 4730, requires that "In all cases when such affidavit to prove the account is made, there shall be personal service upon the defendant before judgment is given for the plaintiff under the provisions of this. section." The record in this case shows that service was "by leaving copy at home of defendant." In *Sims* v. *Thomas,* 18 *Ga. App.* 212 (89 S. E. 163), it was held: "Section 4730 of the Civil Code is in derogation of the common law, and must be strictly construed. When a suit in a justice's court is based on an open account which has been properly itemized and verified, but service of the suit has been effected upon the defendant by merely leaving a copy of the summons and account at his most notorious place of abode, final judgment for the plaintiff can not be entered by the magistrate unless the account is otherwise proved. This is true although the defendant appears in court and announces ready for trial, and does not file a counter-affidavit or make any other defense to the suit. *Sapp* v. *Mathis,* 12 *Ga. App.* 273 (77 S. E. 102)." It is only "where a verified. account is attached to the summons in a justice's court and served on the defendant personally" that "the affidavit performs the office of evidence, and the plaintiff is entitled to a judgment unless a verified defense is filed." *Peeples* v. *Sethness Co.,* 119 *Ga.* 777 (47 S. E. 170) ; *Brierton* v. *Smith,* supra. A ground of the motion for a new trial alleges that "the mere introduction of the statement of the account in favor of the plaintiff against the defendant, which was attached to the original summons, and which original summons was served on the defendant not personally but by leaving a copy of the same at defendant's

residence, was not sufficient evidence to make out a case in favor of the plaintiff against the defendant, and did not authorize the direction of a verdict in any sum against the defendant, as the burden of proof resting on plaintiff to prove his account and make out his case was never carried by the plaintiff, and the court therefore erred in directing a verdict without any evidence to support the same." The contention of counsel as set out in this ground is correct. Under the foregoing decisions, the introduction of the verified account alone would not authorize a verdict for the plaintiff where the service on the defendant was not personal.

In thus deciding this case we are not running counter to the case of *Draper* v. *Burr Mfg. Co.,* supra, relied on by defendant in error; for an examination of the record in that case reveals the fact that there was personal service on the defendant.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*