Judgment reversed.

---

HERBERT B. ELDER, plaintiff in error, vs. ZACHARIAH O. WHITEHEAD et al., defendants in error.

An Attorney at law is not authorized to make the affidavit required by the act of 1842, to entitle a party to appeal without the payment of costs or giving security.

Affidavit on Appeal, from Pike county, decided by Judge CABINESS, at July Term, 1857.

An affidavit of illegality was filed by Herbert B. Elder the defendant in *ca. sa.*, issued from a Justice Court in favor of Zachariah O. Whitehead plaintiff in *ca. sa.*, and Joseph B. Askew assignee. The Court dismissed the illegality and judgment was at the same term of the Court rendered upon the *ca. sa.* bond in favor of the plaintiff.

To this judgment Thomas D. King the defendant's attorney appealed to the Superior Court, and made an affidavit to the effect that he believed that Herbert B. Elder had a good cause of appeal and that owing to poverty as deponent believed the said Elder was unable to pay the costs and give security as required by law upon an appeal.

A motion was made by the plaintiff's attorney to dismiss this appeal:

1st. Because Joseph B. Askew is stated in said appeal, to be plaintiff, whereas Zachariah O. Whitehead was the real plaintiff, and the said Joseph B. Askew only transferee.

2d. Because said appeal was entered from a collateral issue without an order from said Inferior Court showing their dissatisfaction with said judgment.

3d. Because said judgment was entered by the attorney of the appellant upon his, the attorney's oath of defendant's inability, instead of the affidavit of the party himself to his inability, to pay costs and give security as required by law.

The Court upon argument ordered the appeal to be dismissed on the ground that the attorney at law of the defendant had no power under the statute to make the affidavit, and to this decision the counsel for the defendant excepted.

GIBSON & FLETCHER, for plaintiff in error.

ALFORD, *contra*.

*By the Court.*—McDONALD, J. delivering the opinion.

The only question in this case is whether the attorney at law of a party can make the necessary affidavit to entitle him

to appeal under the act of 1842, *Cobb* 501, without paying costs or giving security.   There is nothing in the statute authorizing it,   and it must receive a strict construction.   The words are quite liberal enough, without extending them to cases not provided for in the act.   The Court below dismissed the appeal entered on such an affidavit, and we affirm his judgment.

Judgment affirmed.