Peacock *vs.* Usry.

---

GEORGE W. PEACOCK, plaintiff in error, *vs.* JOSHUA F. USRY, defendant in error.

1. Where a continuance is asked on account of the absence of the defendant for providential cause, the facts must be made to appear to the court by affidavit or other competent evidence. A letter from the defendant to his counsel, and his declarations to third persons are not sufficient.

2. No brief of evidence having been filed, the motion for a new trial was properly dismissed. *Aliter*, had it been a motion to set aside the verdict.

3. To authorize the setting aside of a verdict on account of the defendant having been providentially prevented from being present at the trial, it must be shown that he was injured by such absence. His affidavit to the effect "that he had a good defense to the suit, and that he would have testified that the account of the plaintiff had no valid existence in fact or law for which he was responsible," being merely a conclusion of his own, is insufficient.

Continuance. New trial. Verdict. Before Judge HERSCHEL V. JOHNSON. Washington Superior Court. September Term, 1873.

For the facts of this case, see the decision.

LANGMADE & EVANS; H. D. CAPERS, for plaintiff in error.

CARSWELL & DENNY, for defendant.

WARNER, Chief Justice.

Usry sued Peacock on an open account for $306 50. On the trial of the case the jury found a verdict for the plaintiff for the amount claimed. The defendant made a motion for a new trial, (as the bill of exceptions states,) on the ground that the court erred in refusing to grant a continuance of the case on the showing made therefor, and also on the ground that the court erred in dismissing the defendant's motion for a new trial because there was no brief of the evidence filed, as required by the 49th rule of the superior court.

1. It appears from the record that when the case was called for trial the defendant's counsel stated that their client was absent; that they could not safely go to trial without his presence; that they relied on his evidence to make out his defense; that they believed he had a good defense, and exhibited a letter from the defendant to them, in which he stated he was prevented from attending court in consequence of the sickness of his child. Drake, who was sworn, stated that he

got word from defendant that one of his children was seriously ill.  There was no error in overruling the motion for a continuance upon this showing therefor.  It should have been made to appear to the court by the affidavit of the defendant or other competent evidence, of which the court could have taken judicial notice, that the defendant was absent from providential cause; the mere declarations of the defendant to his counsel, or others, that he was absent for that cause, was not sufficient to have authorized the court to grant a continuance.

2.  As the defendant made a motion for a *new trial* in the case, there was no error in dismissing the motion because a brief of the evidence had not been filed, as required by the rule of the court in such cases.

3.  If the defendant had made a motion to *set aside* the verdict, on the ground that he was prevented from being present at the trial from providential cause, instead of making a motion for a new trial, then a brief of the evidence would not have been necessary; but in making a motion to set aside the verdict for that cause, it would have been incumbent on the defendant to show that he had been injured by the verdict in consequence of his absence, that if he had been present and testified in the case the result of the trial would have probably been different.  The statement of the defendant, in his affidavit, as set forth in the record, " that he had a good defense o the suit, and that he would have testified that the account of the plaintiff had no valid existence in fact or law for which he was responsible," would hardly have justified the court in setting aside the verdict if that motion had been made.  The defendant says he had a good defense to the suit, but does not state what that defense was, so that the court could judge of it.  The defendant states his own conclusion, that the plaintiff's account had no valid existence, in fact or law, and that he would have so testified, without stating any facts on which the court could base its judgment going to show that the plaintiff's account had no valid existence, in fact or law, for which he was responsible.  The defendant should have stated

the facts, so that the court could determine whether he was responsible for the payment of the plaintiff's account under the law.

Let the judgment of the court below be affirmed.