## BLYTH & FARGO COMPANY v. SWENSEN BROTHERS, ET AL.

ATTACHMENT — AFFIDAVIT FOR ATTACHMENT — CORPORATIONS.

1. A corporation, as such, is incapable of taking an oath, or making an affidavit.

2. An affidavit for attachment, where a corporation is plaintiff, stating that "Plaintiff in the action above named, being duly sworn deposes and says," etc., and signed, "The Blyth & Fargo Co., by Sherman ·Fargo, Managing Agent," is insufficient.

3. Since the paper is neither the affidavit of the plaintiff nor of the agent, it is not an affidavit at all, and is therefore not subject to amendment.

[Decided January 26, 1898.]

RESERVED questions from the District Court for Uintah County.   HON. JESSE KNIGHT, Judge.

This is a suit upon a judgment obtained by the plaintiffs against the defendants in a district court in Utah, and the plaintiffs sued out an attachment which was levied upon certain personal property of the defendants in this State.   A motion was made by the defendants to dissolve the attachment, and upon the hearing of this motion the court certified certain questions to this court as difficult and important.   They are as follows :

1. Is an affidavit for attachment sufficient in which the plaintiff is a corporation and the affidavit setting forth that

plaintiff was duly sworn and is signed The Blyth & Fargo Company, by Sherman Fargo, managing agent, and not setting forth that the said agent was sworn, nor setting forth in the body of the affidavit that the said Sherman Fargo was the agent of the plaintiff, and are the words, "Managing Agent," simply descriptive of the person making the same, or do they import an authority?

2. Is an affidavit made and subscribed as above, signed within contemplation of law by the party purporting to make the same? Is it an affidavit of any person? Can any person be held or convicted of perjury upon it? Is it a sufficient affidavit?

3. Is the jurat of an affidavit sufficient under the law that sets forth that the same was "subscribed and sworn to before me," or should the statutory words "subscribed in my presence and sworn to before me" be used to make the same sufficient and valid?

4. Does the affidavit in this case sufficiently describe the nature of the plaintiffs' claim, for the purpose of having the writ of attachment issued? and does an affidavit as described set forth the authority of any person to sign and make the same for the plaintiff?

5. Can a defective affidavit for attachment be amended in form and in substance, or can amendments be made as to matters of form only?

6. Is an amendment which sets forth that the party signing the same was duly sworn and the agent of the plaintiff, an amendment in substance or in form?

7. Is an undertaking sufficient, as contemplated by law, that obligates the payment of costs, as well as damages, or should the same be for damages as by statute stated?

8. Can a corporation make and subscribe an undertaking, and can a copartnership subscribe an undertaking for another without all the parties to the copartnership sign the same?

9. Should the attachment in this case be dismissed and set aside?

The affidavit for attachment is as follows: "Plaintiff in the action above named, being duly sworn, deposes and says: That defendants above named are indebted to The Blyth & Fargo Company, said plaintiff in the sum of," etc. [Setting out the indebtedness and the ground upon which the attachment is asked, and signed]

"The Blyth & Fargo Co.,

By Sherman Fargo, Managing Agent.

Subscribed and sworn to before me, this 11th day of December, A. D. 1896.

John W. Sammon, Clerk."

(Seal)

Section 2870, Rev. Stat. of Wyo., provides that "an order for attachment shall be made by the clerk of the court in which the action is brought in any case mentioned in the preceding section, when there is filed in his office an affidavit of the plaintiff, his agent or attorney, showing; first," etc., reciting what the affidavit shall show.

*Hamm & Arnold*, for plaintiff.

It clearly appears from the whole affidavit, that the same was made by Sherman Fargo. It is true that no name of a deponent is in the body of the paper, but that does not render ineffectual the identification of the person making oath. (People v. Sutherland, 81 N. Y., 6.) The affidavit is sufficient so far as the objection to the person making it, and the manner of signing is concerned. (18 Ency. L., 302; Tessier v. Crowley, 16 Neb., 369; Reed v. Bagley, 24 id., 332; Simpson v. McCarty, 78 Cal., 175; Fremont Cult. Co. v. Fulton, 103 Ind., 393; 3 Ency. Pl. & Pr., 8 and note.) Defects in the affidavit may be supplied by amendment. (Rudolph v. McDonald, 6 Neb., 163; Booth v. Rees, 26 Ill, 45; Kruse v. Wilson, 79 id., 233; Moline v. Curtis, 57 N. W., 161 (Neb.); Josephi v. Clothing Co., 13 Mont., 195; Muth v. Erwin, 14 id., 227; Baker Wire Co. v. Kingman, 44

Kan., 270; Burton v. Robinson, 5 Kan., 287; Furman v. Walter, 13 How. Pr., 348; Struthers v. McDowell, 5 Neb., 491; Irwin v. Bank, 6 O. St., 81; 1 Ency. Pl. & Pr., 681 et seq.)

*Melville C. Brown*, for defendants.

The purported affidavit is so faulty as to require no argument to show its insufficiency. Is it so nearly a compliance with the statute as to permit of its amendment? The affidavit must be a substantial compliance with the legal requirements. (Wade Attachments, Sec. 56; Cheadle v. Riddle, 6 Ark., 480; Drake v. Hager, 10 Ia., 556; Dandridge v. Stearns, S. & M., 723; Gutman v. Iron Co., 5 W. Va., 22; Irvin v. Howard, 37 Ga., 18; Lamkin v. Douglass, 27 Harr., 517.) The present affidavit is clearly not a substantial compliance with the statute. Not being made by any one — the corporation could not make it, it is not an affidavit at all. A thing to be amended must exist; amendment presumes something to amend. Therefore, amendment is impossible in the case of this affidavit. It would be a new creation. (McReynolds v. Neal, 8 Humph., 12; Maple v. Tunis, 10 id., 434.) Amendments are only allowed under statutory provisions. (Brown v. McClusky, 26 Ga., 577; 28 id., 27; 53 Tex., 264.) Our statute on attachments makes no provision for amendments of either affidavits or bonds. The remedy by attachment is special and extraordinary, hence strict compliance with all statutory requisites is necessary. (Pool v. Webster, 3 Neb., 278; Hughes v. Martin, 1 Ark., 386; Thornburg v. Hand, 7 Cal., 554; Little v. Linnet, 7 Iowa, 324; Marnine v. Murphy, 8 Ind., 272; McCook v. Willis, 28 La Ann, 448; Sherwood v. Reed, 7 Hill, 432; Morrison v. Fake, 1 Pinn., 133; Green v. Tripp, 11 R. I., 424; Whitney v. Burnetts, 15 Wis., 61.) If the affidavit as will be seen by foregoing cases is so faulty as to make a writ issued thereon void, it can not be amended.

The affidavit is jurisdictional, and therefore any irregularities or insufficiencies, other than mere formal defects, invalidate the proceeding and renders the writ void, or to be set aside on motion.  Clark v. Smith, 1 Ill., 285; Kruse v. Wilson, 79 Ill., 233; Hallen v. Jackson, 48 Md., 254; Hargadine v. Van Horn, .72 Mo., 370; Bray v. Mc Clury, 55 id., 128; Cadwell v. Colgate, 7 Barb., 253; Murray v. Hankins, 65 How. Pr., 511; Zeraga v. Benoist, 7 Rob., 199; Endel v. Leibrock, 33 Ohio St., 254; Stewart v. Mitchell, 10 Heisk., 488; Drake on Attachments, Sec. 89; Inman v. Allporb, 65 Ill., 340.

Under our statute an agent or attorney can make the affidavit for plaintiff, but where the agent makes it, the affidavit must describe affiant as such agent or attorney in the body thereof. (Willis v. Lyman, 22 Tex., 268; Manley v. Headley, 10 Kan., 88.)

CORN, JUSTICE.

[After stating the case as above] It is maintained by defendant that the affidavit in this case is not only insufficient but void and in effect no affidavit at all, and therefore not amendable.

Under our code of civil procedure all actions are commenced by filing a petition and precipe for summons, and attachment proceedings are always ancillary.  The same particularity of statement in the affidavit need not therefore be required as in cases where the attachment is the basis of the action, and whereby the court obtains jurisdiction.  Nevertheless it is absolutely essential that there shall be filed with the clerk an affidavit of either the plaintiff, his agent, or his attorney before an order of attachment is made, or else the order is entirely unauthorized, and the attachment must be discharged upon motion.  There need be nothing very formal or technical to constitute a paper an affidavit.  But there are certain essentials without which it is not an affidavit.  "An affidavit is a written statement in the name of a person called the affiant or deponent, by whom it is voluntarily signed and

sworn to or affirmed before an officer authorized to administer an oath." Rapalje & Lawrence Law Dic., 36.

An oath reduced to writing, sworn to before some officer who has authority to administer it. Bouv. Law Dic., 79. An affidavit is an oath in writing, signed by the party deposing, sworn before, and attested by him who hath authority to administer the same. 1 Bac. Ab., 146.

The supreme court of Illinois in sustaining a proceeding upon an affidavit which was very informal, say, " An affidavit is simply a declaration, on oath in writing, sworn to by a party before some person who has authority under the law to administer oaths." Harris v. Lester, 80 Ill., 311. Leaving out of view, therefore, all questions of form, the caption or title, signature of the deponent, the jurat, signature of the officer, etc., it is evident that an affidavit required to be "filed," must be a writing, and must in some way purport to contain a statement or declaration of the person sworn or purporting to have been sworn. Nothing less than this can be an affidavit under any definition, and tried by this lowest standard the paper in question is not an affidavit. It is not the affidavit of the plaintiff, for being a company, it can not take an oath. It is not the affidavit of the agent, for no where in the paper is it purported that the agent makes any statement whatever. The language is that "the plaintiff deposes and says." If the signature were that of the agent, it might be contended with some plausibility that this was a saving feature, and that the fair intendment was that the statements of the paper were his. But it is not so signed. It is signed with the plaintiff's name— "The Blyth & Fargo Co., by Sherman Fargo, Managing Agent." These things not only fail entirely to indicate that the agent makes any statement, but they convey the idea as clearly as words can do so that the plaintiff company, which is incapable of making an affidavit, makes the statement and signs it. The form of the jurat, " subscribed and sworn to before me," makes

it probable that the agent was sworn.  But allowing to this circumstance the greatest significance that can reasonably be claimed for it, it only shows that the agent made oath to the truth of the statement or declaration of the paper; and that is, that the plaintiff was sworn and deposed, and said that defendants were indebted, etc.  So that in any aspect considered, it is not, and does not purport to be, a statement by the agent of the facts recited in the body of the paper.  It is not the affidavit of the agent, or at best, not his affidavit to any of the facts necessary to sustain the attachment.

A number of authorities are cited by defendant, but none of them are in conflict with the views herein expressed.

People v. Sutherland, 81 N. Y., p. 6, was the case of an affidavit to prove service of a notice.  The name of the deponent was left blank at the beginning of the affidavit, but it was signed by him, and the ordinary jurat " subscribed and sworn to before me," duly signed by a notary.  The court held that the paper showed that the person subscribing made the statements contained in the affidavit, and that he was sworn.  That an indictment for perjury would lie and that the affidavit was sufficient.

The other cases cited by plaintiff are upon questions which it is not deemed necessary to answer, and which are not considered.

There is the case, however, of Moline v. Curtis, 38 Neb., 520, not cited by counsel, in which an affidavit similar in some respects to the one in this case was sustained.  It began, " The said plaintiff, the M. M. & S. Co., makes oath that the claim in this action is for a recovery of a judgment for money in the sum of $975.36; and the said S. W. Croy, agent of the M. M. & S. Co., also makes oath that said claim is just," etc., and it was signed, " S. W. Croy, agent for the M. M. & S. Co."  The court say, " Although the affidavit in the opening clause relating to the nature of plaintiff's claim, standing alone, purports to be that of the corporation, but when read in connection

with what follows, and construing the paper as a whole, as we must, it sufficiently appears that S. W. Croy makes oath to each averment contained in the affidavit, and that he is plaintiff's agent." The case is not only distinguishable from the one at bar, but the principles relied upon in this decision, that the company is incapable of making an affidavit, and that it must appear that the statements of the affidavit are the statements of the agent, are very clearly recognized in the Nebraska decision.

Our statute of amendments is very liberal, but the right to amend implies the existence of the thing to be amended. There must be something to amend by. Where, as in this case, the affidavit is the foundation of the proceeding, without which all the subsequent steps are without authority of law, the courts are not empowered to make, or permit amendments which would in effect supply the omission to file the necessary instrument at all in the first place. The affidavit required by law not having been filed, there is nothing to amend, the attachment proceedings were unauthorized, and the attachment should be discharged.

The foregoing is a sufficient answer to the first, second, and ninth questions, and an answer to the remaining questions becomes unnecessary.

POTTER, C. J., concurs.

KNIGHT, J., did not sit in this case, it having been submitted before he became a member of this court.