CLARK *v.* SMITH; *et vice versa.*

ATKINSON, J.  1. In order for a warrant to dispossess a tenant holding over to issue under the Civil Code (1910), § 5385, it is required that the owner, his agent, or attorney at law or attorney in fact shall make oath to the facts.

2. There is no law which authorizes an attorney at law or in fact to execute an affidavit in the name of the owner of the premises, purporting to be made and signed by such owner. One person can not make an affidavit in the name of another; though he may make it in his own name as agent or attorney of such other, where the law so authorizes.

3. Where an affidavit purporting to have been made by the owner of land for the purpose of obtaining a warrant against a tenant holding over was signed in the name of such owner by an attorney at law, and an affidavit was made by the defendant denying that he held the premises under the alleged landlord or any one from whom he claimed the premises or who claimed under him, and where on the trial the evidence disclosed that the alleged landlord did not in fact make the affidavit which formed the basis of the proceeding and was not present when it was executed, but that it was made in his name by an attorney at law authorized to act for him, and such attorney thereupon, with the permission of the court and without objection, filed an additional affidavit stating that he was an attorney of the plaintiff on the date when the affidavit was made and that the plaintiff authorized him to make it, this additional affidavit, which is called an amendment to the original paper purporting to be an affidavit, did not cure the defect. Swearing is personal, and can not be done by proxy. The person who swears to an affidavit must do so in his own name, and not in the name of another; and where an attempt is made by one person to make an affidavit in the name of another, an additional affidavit that he was authorized so to do will not make the original affidavit good.

(*a*) With both affidavits before the court they did not show that any person swore to the truth of the allegations necessary to furnish a basis for the proceeding.

(*b*) Accordingly, it was error to refuse to dismiss the proceeding on motion of the defendant.

4. All other assignments of error related to the judgment on the grounds set up in the motion for new trial, and were expressly abandoned in the brief of counsel for plaintiff in error.

5. The cross-bill of exceptions assigns error only on the allowance of an amendment to the motion for new trial. All of the grounds of the motion for new trial having been abandoned by the plaintiff in error, the questions raised therein become moot, and the cross-bill of exceptions will be dismissed.

*Judgment reversed on main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*

JULY 25, 1914.

Eviction. Before Judge Conyers. Camden superior court. May 24, 1913.

*S. C. Townsend,* for plaintiff in error. *D. S. Atkinson,* contra.