DECIDED NOVEMBER 15, 1923.

Description of case and names of counsel the same as in the next preceding case.

---

### 14995.  YOUNG v. THE STATE.

A postponement of the trial until another day of the term should have been granted to enable the accused to procure the attendance of a material witness who resided in an adjoining county; and the judge's refusal to postpone requires a new trial.

                    DECIDED NOVEMBER 15, 1923.

Indictment for sale of liquor; from Murray superior court—Judge Tarver.  August 25, 1923.

The indictment alleged, and it was testified, that Pete Young sold intoxicating liquor on August 5, 1923.  On that day—Sunday —he was arrested and placed in jail, and he remained there until the day of his trial,—Monday, the 13th of August,—on which day the indictment was returned.  The conviction was based on testimony of Mack Young, who stated that he bought liquor at the defendant's house, and that Charlie Bagley was there at the time of the sale.  When the case was called for trial the accused requested a postponement of the trial "until to-morrow or next day,"

to enable him to secure the attendance of Charlie Bagley, whose evidence, it was stated, "would disprove the testimony of Mack Young." From the evidence in support of the motion to postpone, it appeared that on the next day after his arrest the defendant was told by officers and a magistrate before whom he was brought that he was accused of selling liquor to Mack Young; and he testified that on the following Friday he gave a list of witnesses, including Charlie Bagley, to his uncle Frank Duggar, and that Charlie Bagley then lived in the adjoining county of Whitfield. Duggar testified that on the same day he took the list to the office of the clerk of the superior court, that the clerk was not there, that after waiting for some time he gave the list to the sheriff and requested the sheriff to have the subpoenas issued and to serve them, and that he did not know until noon of the day of the trial that the subpoenas were not served. There was evidence as to efforts of an officer to serve subpoenas on the defendant's witnesses, and his inability to find the witnesses. The witness Duggar stated that he would undertake to serve a subpoena on Bagley "and get him here by to-morrow."

The trial judge, after hearing the witnesses, said: "There has been ample time for the defendant to have subpoenaed these witnesses, provided they could have been reached. One of them is out of the county, according to the evidence; and the evidence is that the contention of the defendant was, on last Monday when he was brought before the court at Ringgold and then and there informed that he was charged with having sold whisky to Mack Young on the day before at his house, that Mack Young was not at his house on that day. Under all the circumstances I overrule the motion."

*Maddox, McCamy & McFarland,* for plaintiff in error.

*Joseph M. Lang, solicitor-general,* contra.

LUKE, J. The defendant was convicted of violating the prohibition statute. He complains that the court erred in not postponing his case to procure the testimony of a witness who resided in an adjoining county. On the day that the indictment was returned against him he was arraigned for trial and made his application, not to continue the case for the term, but to postpone it until the next day, so that he might have the benefit of the testimony of his absent witness, which according to his evidence would have

been material to his defense. The court overruled the motion to postpone. Under the particular facts of this case, we are of the opinion that it was error not to postpone the case, and for this reason, it was error to overrule the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*