### 21677. BANK OF DEARING *v.* HOWARD *et al.*

JENKINS, P. J. "The person who swears to an affidavit must do so in his own name, and not in the name of another." Accordingly, on an appeal to a jury in a justice's court, where the pauper's affidavit, as entered in the body of the affidavit, was by the "Bank of Dearing," and was signed "Bank of Dearing by [a named person describing himself as] Liquidating Agent of the Bank of Dearing, and in charge of the af-

fairs of said Bank of Dearing," the affidavit did not show that any individual swore to the truth of the allegations necessary to furnish a basis for the proceeding. *Clark* v. *Smith,* 142 *Ga.* 200 (3 *a*) (82 S. E. 563). While it is true that the signature of the bank to the affidavit discloses the name of the agent by whom the bank's name was signed, the signature as thus entered amounted to nothing more than the signature of the bank itself. Where the bank itself could not take an oath, and the agent himself did not purport to do so, but only purported by his own signature to indicate how and in what manner the bank itself sought to affix its signature, there was no personal signature such as would subject the signer to punishment for the offense of false swearing if the averments as made had been proved untrue. The case differs from that of *Bennett* v. *Gray,* 82 *Ga.* 592 (2) (9 S. E. 469), where a partnership name was signed to the affidavit by one signing as a member thereof, but where the affidavit itself specificially stated that the individual signing the affidavit personally made the affidavit as the duly authorized agent of such firm. A corporation can not swear. *Coffee* v. *McCaskey Register Co.,* 7 *Ga. App.* 425, 429 (66 S. E. 1032). In this respect, as in other respects, it acts only through its agents, but the agent himself must swear for the corporation; and where the affidavit itself purports to be made by the corporation, and the agent's name affixed after the corporate name indicates only how the corporation signed, and not that the agent himself made the affidavit, there has been no personal affidavit such as would comply with the requirements of law. Accordingly, the judge of the superior court did not err in overruling the certiorari by which it was sought to review the action of the justice of the peace in dismissing the appeal.

*Judgment affirmed.* *Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 9, 1932.

*Randall Evans Jr.,* for plaintiff. *B. J. Stevens,* for defendants.