## In re EMPIRE REFINING CO., Limited.

### No. 15041.

District Court, S. D. California, C. D.

March 1, 1932.

Mark F. Jones, of Los Angeles, Cal., for petitioning creditors.

Robert Bromberg, of Los Angeles, Cal., trustee.

Black, Hammack & Black, of Los Angeles, Cal., for Four Drillers.

Fredericks, Hanna & Morton, of Los Angeles, Cal., for trustee.

JAMES, District Judge.

Four Drillers Contracting & Supply Company, Limited, filed a petition with the referee asking leave to foreclose a chattel mortgage claimed to be held by it as a lien against the property of the bankrupt estate. The trustee objected to the allowance of the order on the ground that the chattel mortgage was void. The referee determined the

case against the trustee, and the latter brought this proceeding to review the referee's action.

On November 22, 1929, the bankrupt made in form a chattel mortgage in favor of Four Drillers Contracting & Supply Company, on certain of its property as security for the payment of the sum of $15,000. The alleged mortgage was recorded in the office of the county recorder of Los Angeles county on November 29, 1929. The contention of the trustee is that the mortgage was void as against creditors because, when it was recorded, it was not accompanied by an affidavit of the mortgagee as required by section 2957 Civil Code of California. That section provides that there shall be attached to every chattel mortgage the affidavit of "all the parties thereto that it is made in good faith and without any design to hinder, delay, or defraud creditors." It has been held that a chattel mortgage not executed in compliance with the requirements of the Civil Code section cited is void as against subsequent creditors and as against a trustee in bankruptcy. Wm. H. Moore, Jr., Trustee, v. Bay, 284 U. S. 4, 52 S. Ct. 3, 76 L. Ed. 133, decided by the Supreme Court of the United States on November 2, 1931.

The affidavit made on behalf of the mortgagor corporation was sufficient in form and substance. That made on behalf of the mortgagee read as follows:

"4 Drillers Contracting & Supply Co., mortgagee in the foregoing mortgage named being duly sworn doth depose and say: That the aforesaid mortgage is made in good faith and without any design to hinder, delay or defraud any creditor or creditors.

"[Corporate Seal]
"4 Drillers Contracting & Supply Co.,
　　　　　　"A. B. Austin, Pres.
　　　　　　"C. S. Rathbun, Secy.
"Subscribed and sworn to before me this 22nd day of November, 1929.

"[Notarial Seal]
　　　　　　"Edward A. Adams, Notary
　　　　　　　　Public in and for said
　　　　　　　　County and State."

It is, of course, conceded that a corporation cannot make an affidavit in its corporate name. It is an inanimate thing incapable of voicing an oath. On its behalf some representative must speak. It must appear in such an affidavit that such a representative actually made oath to the facts; there must be some statement in the affidavit itself to show that the representative deposed to the effect set forth. It has been held that affidavits need not be signed. The affidavit here considered did not state that Austin and Rathbun appeared and made oath to the necessary facts; on the contrary, the statement in the affidavit is that the "4 Drillers Contracting & Supply Co., mortgagee ＊ ＊ ＊ being duly sworn doth depose and say: ＊ ＊ ＊"

In the cases wherein alleged defective affidavits were held sufficient where a corporation was the party concerned, the body of the affidavits clearly set forth that an individual was sworn and made oath on behalf of his corporation principal. As in the case of Old Settlers' Investment Company v. White, 158 Cal. at page 246, 110 P. 922, 927, where the court said: "The statute makes no provision as to who shall make the affidavit when a corporation is a party to a chattel mortgage, and it does not require the person who makes it for the corporation to declare on oath his official position or relation. We think it is clearly sufficient if he declares it in the introductory statement describing the persons who make the affidavit."

In Gee Chong Pong et al. v. Harris, 38 Cal. App. 214, 175 P. 806, 807, the court determined an affidavit insufficient which was signed "Fook Hing Lung Co., by Gee Chong Pong, Member and Clerk of Said Co." In the body of the affidavit there considered, the name of the company was set out precisely as is the name of the company here. The court, holding that the affidavit was insufficient, said: "The affidavit states that the partnership was sworn, and it nowhere appears that the affidavit was sworn to by one of the partners. As signed, it imports that Gee Chong Pong signed the name of the firm, but does not import that he was sworn. Nor does it appear from the jurat by whom the affidavit was sworn to. The implication, if any, would be that it was sworn to as stated in the body of the affidavit, to wit, by the partnership."

My conclusion is that the referee was in error in his determination of the question. The order of the referee is disaffirmed, and the referee is advised to deny the mortgagee the right to the lien which the alleged chattel mortgage purports to give to it. An exception is noted in favor of the respondent.