33743. WATERS *v.* THE STATE.

DECIDED DECEMBER 4, 1951.

*W. G. Neville,* for plaintiff in error.
*L. P. Strickland, Solicitor,* contra.

Townsend, J. (After stating the foregoing facts.)  1. The first special ground is based on the refusal of the trial court to allow a continuance for the absence of a material witness.  Upon the call of the case counsel for the defendant presented a sworn statement of Dr. A. M. Deal, physician, to Dr. John A. Cobb, veterinarian, certifying that Dr. Cobb was admitted to Bulloch County Hospital on April 15, 1951, and transferred to a hospital at Dublin, Laurens County, on April 17.  The defendant then stated on oath that the said Dr. Cobb had treated the cow in question for the effects of afterbirth three days after the cow had calved; that he had seen the cow and calf together at that time and knew that the cow had just given birth; that he had a subpoena for Dr. Cobb issued, and personally delivered this to his home in Statesboro three days before the case was called to trial; that he then discovered for the first time that the

veterinarian was in the hospital; that he is still in the hospital; that he is not absent through the defendant's consent, and the motion is not made for purposes of delay, and that he is relying on Dr. Cobb as a material witness in the case; that the witness would testify that the cow had had a calf, and that the calf in question belonged to that particular cow, and as to the cow's physical condition. Counsel for the defendant stated that he would expect to have the witness present at the next term of court and, if that was impossible, would not insist on a further continuance on account of his testimony. Following this testimony, the motion for a continuance was denied and the case proceeded to trial.

A motion for a continuance may be made by means of affidavit or oral testimony or both. *Peacock* v. *Usry,* 52 *Ga.* 353. A written signed statement of facts, followed by the certificate of an officer authorized to administer oaths that it is sworn and subscribed before him, is a lawful affidavit. *Miller* v. *Caraker,* 9 *Ga. App.* 255 (71 S. E. 9). The affidavit was therefore sufficient as to the facts contained therein. There was also oral testimony that the witness had been suffering from a strained back and had been recently taken to the hospital. In consequence, the motion stated every essential fact necessary to the grant of a continuance unless the testimony failed to show diligence on the part of the defendant in obtaining the witness. The defendant testified that he left a subpoena at the witness's home three days before the trial, and was told that he was in the Bulloch County hospital; that he went to that hospital, but found he had just been moved to the hospital at Dublin, and that prior to this he did not know that the witness was ill. It is contended that the subpoena was not personally served, as required by Code § 38-1501, and that failure to do so showed lack of diligence on the part of the defendant, since the case had been pending some months.

In the first place, somewhat greater leniency is required in criminal cases where the absent witness resides out of the county (see *Young* v. *State,* 31 *Ga. App.* 185, 120 S. E. 37), and, in the second place, the failure to hand the subpoena to the witness personally appears to have had nothing to do with the absence of the witness. Had the witness not been in the hospital

at the time the defendant attempted to serve him, he would presumably have been properly served. On the other hand, had he actually been served at any time between the time of the accusation and the trial, it would have made no difference, since his disability at the time of the trial was undisputed. Code § 81-1410—which states, as one of the requirements for an application for continuance on the ground of absence of a material witness, that it must be shown the witness has been subpoenaed—applies especially to civil cases. Code § 27-2002, which applies especially to criminal cases, provides that the defendant shall be tried at the term of court at which the indictment is found, "unless the absence of a material witness or the principles of justice should require a postponement of the trial, and then the court shall allow a postponement until the next term of court." As stated in *Hobbs* v. *State*, 8 *Ga. App.* 53 (2), 56 (68 S. E. 515), "If it appears that the defendant has done all that was within his power to procure the attendance of a witness, whose attendance could probably be later secured, even though he might not have subpoenaed him, this, of course, would afford no reason for overruling a motion for a continuance."

On the question of the materiality of the evidence sought to be obtained from the absent witness, it must be remembered that his testimony was vital as to at least half of the charge contained in the accusation. It was expressly alleged that the defendant represented that the cow was the mother of the calf, that she had calved within approximately six days prior to the sale, and that the prosecutor relied on this statement, which is alleged to have been false. While the general grounds are not here passed upon, since the case is to be tried again, the evidence in support of the other half of the accusation, to the effect that the cow was not a four-gallon cow as represented, as a basis for this conviction is, if sufficient at all, at most weak and unsatisfactory. Had the defendant been in position to present his evidence that the cow had calved as he represented, the jury—taking into consideration all the evidence—could well have acquitted him. The defendant, therefore, having substantially complied with every lawful requirement to procure the testimony of this material witness and having shown due diligence in his efforts so to do, the trial court abused its discretion in refusing to grant the

continuance. The principles of justice demanded that an opportunity be given the defendant to prove the truth of this representation. Because the doctor's certificate set out that the absent witness was in the hospital with an acute back injury and would be physically unable to perform any and all duties for an indefinite period of time, the trial court indicated that the showing failed to reveal that the defendant could reasonably expect to have the witness present at the next term of court, the trial court having said, "I don't know how you can expect to have him at the next term of court when the doctor says he may be laid up indefinitely." Counsel for the defendant, however, fully answered that contention as follows: "In three months we might reasonably expect him to be here, and if he cannot be here at the next term of court we would not insist on a continuance on account of his testimony."

The trial court erred in overruling the first ground of the amended motion for a new trial. Since the case is to be tried again, and since it is not likely that the errors alleged to have been committed in the remaining special grounds will recur, they are not passed upon here.

The trial court erred in overruling the motion for a new trial.

*Judgment reversed. MacIntyre, P.J., and Gardner, J., concur.*