**STRAND RESTAURANT CO., Inc. v. PARKS ENGINEERING CO., Inc.**

**No. 1260.**

Municipal Court of Appeals District of Columbia. Argued Sept. 15, 1952.

Decided Oct. 14, 1952.

Rehearing Denied Oct. 25, 1952.

Herman Miller, Washington, D. C., for appellant.

Jacob Sandler, Washington, D. C., (Mark P. Friedlander, Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is by a tenant from a judgment against it for possession of certain commercial property. The tenant questions the sufficiency of the complaint on which the judgment was based.

Our statute relating to actions in the Municipal Court for possession of real estate provides:

"* * * whenever any tenant shall unlawfully detain possession of the property leased to him, after his tenancy therein has expired; * * * it shall be lawful for the municipal court, on complaint under oath, verified by the person aggrieved by said unlawful detention or by his agent or attorney, having knowledge of the facts, to issue a summons to the party complained of to appear and show cause why judgment should not be given against him for the restitution of the possession."[1]

Rule 13 of the Municipal Court relating to proceedings in its landlord and tenant branch provides that actions therein shall be commenced by the filing of a complaint, verification and notice and provides a form therefor. The landlord used such a form and it commenced in the following manner: "District of Columbia, ss * * * Parks Engineering Co., Inc., a corporation being first duly sworn, states * * *." The complaint is signed: "Parks Engineering Co., Inc. by M. T. Sawtelle, V. P." Then appears the certificate of the notary

1. Code 1951, § 11–735.

712

in these words: "Subscribed and sworn to before me this 17th day of March, 1952. Clyde Saul, Notary Public, D. C."

■ The question before us is whether there was a complaint under oath as required by the statute. Of course a corporation cannot make an oath. In In re Empire Refining ·Co., D.C.S.D.Cal., 1 F.Supp. 548, it was said:

> "It is, of course, conceded that a corporation cannot make an affidavit in its corporate name. It is an inanimate thing incapable of voicing an oath. On its behalf some representative must speak. It must appear in such an affidavit that such a representative actually made oath to the facts; there must be some statement in the affidavit itself to show that the representative deposed to the effect set forth."[2]

■ The affidavit in this case purports in its commencement to be the affidavit of the corporation and nowhere in its body is mention made of any individual making the affidavit as agent for the corporation. The signature to the affidavit is that of the corporation. The signature of Mr. Sawtelle does not purport to be his individual signature but merely indicates that he as an officer of the corporation affixed the signature of the corporation. The jurat indicates that the subscriber to the affidavit swore to it and the only name subscribed is that of the corporation.

We think it is clear that the affidavit purported to be that of the corporation, that as such it was defective, that there was failure of compliance with the statutory requirement of a complaint under oath, and that the complaint should have been dismissed.[3]

Reversed with instructions to dismiss the complaint.

---

2. To same effect see also; Blyth & Fargo Co. v. Swensen, 7 Wyo. 303, 51 P. 873; Farmers' State Bank v. Gibson, Mo.App., 278 S.W. 737; Bank of Dearing v. Howard, 44 Ga.App. 663, 162 S.E. 644; Agricultural Bond & Credit Corp. v. Courtenay Farmers' Co-op. Ass'n., 64 N.D. 253, 251 N.W. 881.

3. There is authority that lack of verification is waived by failure to promptly object. We need not decide whether the statutory requirement of a complaint under oath may be waived, because here the tenant before answering raised the question by motion to dismiss and on denial of the motion reserved the objection in its answer.