## 47773. JACKSON v. FINCHER.

EVANS, Judge.  Jim Fincher, plaintiff, filed an affidavit with the Clerk of Superior Court of Floyd County to foreclose a lien on an automobile for an indebtedness alleged to be due for repairs. Execution was issued and the car was levied on, to which defendant, Curtis Jackson, by and through his attorney at law, *James A. Robbins, Jr.,* filed a counter-affidavit. Instead of returning the papers to the Superior Court of Floyd County for trial at the next term, as required by Code § 67-2401 (6), the car was advertised for sale. After advertisement of the car for sale, on August 1, 1972, plaintiff filed a petition with the judge of superior court to allow the car to be sold and on the same day, ex parte and without notice to defendant, the judge passed an order that the car be sold "subject to a hearing on plaintiff's petition," and ordered a hearing to be held *after the sale,* and on August 8, 1972, and requiring that defendant be served with notice of the latter hearing. Defendant filed his motions and objections at the hearing on August 8, 1972; the court reserved its decision until August 18, 1972, at which time a judgment was rendered approving the sale which had already been conducted, and declaring said sale to be

final; and overruling defendant's motions and objection, and holding his counter-affidavit to be null and void. Jim Fincher, plaintiff, purchased the automobile at the aforesaid sale. Defendant appeals to this court and enumerates error as to the orders of August 1, 1972, and August 8, 1972. *Held:*

1. Plaintiff's motion to dismiss the appeal for failure to file a transcript of evidence is denied. Failure to file transcript of evidence is no longer a ground for dismissal of appeals by the appellate courts. Code Ann. § 6-809 (b) (Ga. L. 1965, pp. 18, 29, as amended; 1968, pp. 1072, 1073, 1074). Further, a transcript of evidence is not necessary to a determination of the errors herein complained of.

2. The initiation of the foreclosure proceeding by affidavit of Jim Fincher was irregular in that the affidavit did not comply with Code § 67-2401 (1), in failing to aver a demand and refusal to pay; nor was there any averment that defendant was absent from the *county of his residence* whereby demand for payment could not be made upon him; or that he absconded or removed from the county of residence. Actually, the county of residence of defendant was not set forth in the affidavit. While this point is important, the enumeration of error does not squarely raise this question, so we do not decide it here.

3. Code § 67-2401 (6) provides that the filing of a counter-affidavit "shall form an issue to be returned to the court and be tried as other causes." We know of no law, and plaintiff cites none, which authorizes the levying officer to advertise property for sale after a counter-affidavit has been filed, nor is he authorized to take it on himself to decide the validity or invalidity of the counter-affidavit; nor is there any law authorizing an ex parte order for the sale of property, without notice to defendant, as was rendered in this case on August 1, 1972. No good reason was set forth in

plaintiff's motion nor in the judge's order for this unusual proceeding.

4. The judgment of August 18, 1972, was likewise unauthorized. There is no law for an interim hearing on the validity or invalidity of a counter-affidavit in a foreclosure proceeding. The statute contemplates that it shall be "tried as other causes," which means at a regular term of court, with a jury verdict being required as to all issues of fact. The car had already been sold, under the judge's ex parte order, rendered the same day it was applied for, and the judgment of August 18, 1972, was simply the approval of a prior sale that had been illegally conducted, and was itself an illegal order.

5. While the validity or invalidity of the counter-affidavit filed by defendant was not properly before the court in advance of the next term after the proceedings were returned to the court, still in the posture of this case it is proper that this question be determined here. The objection to the affidavit is that same was not made by the defendant, Curtis Jackson, it being contended that his attorney at law was not authorized to make such counter-affidavit.

There are a limited number of matters in which an agent or attorney at law may *not* make an affidavit for his principal, notably, where an appeal is filed and a supersedeas is sought, or relief from payment of court costs is sought by affidavit in forma pauperis. See *Elder v. Whitehead,* 25 Ga. 262. But this is the exception and not the rule. Ordinarily an agent or attorney at law may make affidavit to legal proceedings on behalf of his client. It has been expressly held by this court that an *agent* may make affidavit for his client contesting the amount or justice of plaintiff's claim in foreclosure on personalty. *Georgia Lumber Co. v. Thompson,* 34 Ga. App. 281 (129 SE 303). What an agent can do for his principal, an attorney at law can likewise do, because

an attorney at law is an agent of the highest rank. See Black's Law Dictionary defining "attorney." All attorneys at law are agents for their principal, but all agents are not attorneys at law for their principal. Code Ann. § 9-401 (Ga. L. 1937, pp. 753, 754) in defining the practice of law, provides that in preparing, filing and prosecuting certain summary proceedings, such as affidavits for dispossessory warrants, distress warrants and attachments, it shall be unlawful for the plaintiff to act through any *agent or employee that is not a duly licensed attorney at law,* thus expressly holding that an attorney at law may make affidavit for his client to institute dispossessory warrants and other summary proceedings. Of course, it follows that if an attorney may make the initial affidavit, an attorney is also authorized to make the counter-affidavit. In *James v. Avery & McMillan,* 3 Ga. App. 357, 362 (59 SE 1118), it is held: "In proceedings in court, where an attorney at law purports to represent a party, proof of the fact that he did represent him is sufficient evidence of employment *and of authority on the part of such attorney to act according to his own judgment in the election of remedies* in the absence of evidence to the contrary." (Emphasis supplied.)

Plaintiff argues that the counter-affidavit in this case is ineffective because the attorney executed same in the name of the owner, and cites *Clark v. Smith,* 142 Ga. 200 (2) (82 SE 563). A careful reading of the *Clark* case will show that it holds that an attorney may not make an affidavit *in the name of the owner,* and states: "One person cannot make an affidavit in the name of another, *though he may make it in his own name as agent or attorney of such other* where the law so authorizes." (Emphasis supplied.) To the same effect see *Bank of Dearing v. Howard,* 44 Ga. App. 663, 664 (162 SE 644), citing the *Clark* case, holding the affidavit ineffective "Where the bank itself could not

take an oath, *and the agent himself did not purport to do so . . .*" (Emphasis supplied.) But in the case sub judice, it is clear that the agent made and subscribed the oath, same being headed as follows: "Comes now Curtis Jackson, *by and through his Attorney, James A. Robbins, Jr.,* and tenders this his counter-affidavit and on oath says . . ." The jurat is signed: "James A. Robbins, Jr., Attorney for Curtis Jackson." Clearly, this is the *affidavit of James A. Robbins, Jr.* and he is acting in this matter on behalf of Curtis Jackson. The counter-affidavit in this case was properly executed by defendant's attorney at law.

6. The orders of August 1, 1972, and August 18, 1972, were both erroneous, and the judgment of the lower court is reversed.

*Judgment reversed. Hall, P. J., and Clark, J., concur.*
·SUBMITTED JANUARY 5, 1973—DECIDED FEBRUARY 12, 1973.

*James A. Robbins, Jr.,* for appellant.
*Patton & Flinn, C. Ronald Patton,* for appellee.