## 47909. PHOENIX AIR CONDITIONING COMPANY, INC. v. AL-CAROL, INC.

Deen, Judge. The plaintiff Phoenix Air Conditioning Co., Inc., a subcontractor of Atlanta Contractors & Engineers, Inc., which had done work for the defendant owner, Al-Carol, Inc., filed a claim of lien on the property and commenced foreclosure. The owner defended on the ground that the lien had been dissolved by its procurement of the general contractor's sworn affidavit that the agreed price had been paid under Code Ann. § 67-2001 (2); moved for, and was granted, a summary judgment. The order from which this appeal is taken recites in part: "After consideration of the pleadings, affidavits, depositions, and argument of counsel, it is my opinion and it is so found that the defendant owner of the construction project in question took affidavits from the general contractor and its president, wherein it was sworn that all bills for labor and material had been paid, and they constitute a complete defense to plaintiff's claim of lien. The judgment of dismissal of the complaint. . . is based entirely on those affidavits."

Appellant contends that both affidavits were fatally defective. One, sworn to by John M. Jones, President, recites that "Atlanta Contractors & Engineers, Inc." was sworn and deposes, etc. This affidavit was signed and sworn to by "John M. Jones, Pres." and contains a proper jurat; it therefore *does* have a "personal signature such as would subject the signer to punishment for the offense of false swearing if the averments proved untrue" as required by *Bank of Dearing v. Howard,* 44 Ga. App. 663 (162 SE 644), where the affiant purported to be a bank in its corporate character, and the signature read "Bank of Dearing, by" (a named person as Liquidating Agent).

The other affidavit, also signed by John M. Jones, states that he as contractor entered into the contract with Al-Carol, Inc. (giving its date, place, and purpose), that he made all subcontracts and that the agreed price for all labor and materials has been paid as of the date of this affidavit. His signature precedes the jurat "sworn to and subscribed before me this 14th day of September, 1969" and the signature of the notary public. It is contended that this affidavit is void because the introductory clause "John M. Jones, President of Atlanta Contractors & Engineers, Inc." was added after it was signed. It appears without dispute that John M. Jones was the president of Atlanta Contractors & Engineers, Inc. and in such capacity did make the contracts referred to and was the proper person to give the affidavit; he was the "person at whose instance the work was done or material was furnished" as required by Code Ann. § 67-2002 (2), since "a corporation cannot swear." *Coffee v. McCaskey Register Co.,* 7 Ga. App. 425, 429 (66 SE 1032). Would the fact that the affidavit originally failed to state in the body thereof (if this is the case) that Jones was sworn be a fatal defect? A signed statement of facts, purporting to be the statement of the signer, followed by the certificate of an officer, authorized to administer oaths that it was sworn to and subscribed before him, is a lawful affidavit. *Miller v. Caraker,* 9 Ga. App. 255 (2) (71 SE 9); *Waters v. State,* 85 Ga. App. 79, 81 (68 SE2d 233). The introductory statement that Jones has been sworn is a statement of the notary, not the affiant, and it appears in the jurat; therefore, whether or not this line was filled in later becomes immaterial. As stated in *Miller v. Caraker,* supra, p. 257: "Under the practice in the British courts, great strictness was formerly required as to the forms of affidavits, and any departure from the prescribed form would vitiate the affidavit. But none of the

American courts, so far as our investigation goes, has ever given any great weight to mere form in these matters, and it is well recognized in this state that no particular form is required, provided the facts sworn to are committed to writing and signed by the affiant, if, as a matter of fact, the oath was administered." The trial court did not err in considering both affidavits and in entering up judgment in favor of the defendant.

*Judgment affirmed. Hall, P. J., Eberhardt, P. J., Clark and Stolz, JJ., concur. Bell, C. J., Pannell, Quillian and Evans, JJ., dissent.*
ARGUED FEBRUARY 5, 1973 — DECIDED JUNE 27, 1973 — REHEARING DENIED JULY 18, 1973 —

*Lanier Randall,* for appellant.
*Hatcher, Meyerson, Oxford & Irvin, Jack A. Wotton, Clifford Oxford,* for appellee.

QUILLIAN, Judge, dissenting. A serious question is made as to whether the second affidavit, referred to in the majority opinion, had been altered. Counsel for the appellee concedes this is true and therefore relies solely on the first affidavit referred to in the opinion. In view of the attack made on the second affidavit and since counsel for the appellee has chosen not to rely on it before this court, the sole question is the viability of the first affidavit.

We should point out that the majority apparently reasons that the addition of the language "President of Atlanta Contractors & Engineers, Inc." to the name "John M. Jones" would not constitute a material alteration to the second affidavit. On motion for summary judgment, it cannot be conceded that John M. Jones and the Atlanta Contractors & Engineers, Inc. are the same entity. Indeed it should be assumed that they are separate entities and that the addition of the language following the individual name, purportedly to make him act in a corporate capacity, would be a material change.

The first affidavit provides: "Personally appeared before me, the undersigned officer duly authorized to administer oaths in said State and County, Atlanta Contractors & Engineers, Inc. personally known to me, who first being duly sworn, deposes and says: 1. That John M. Jones as contractor entered into a contract with Al-Carol, Inc. dated the 14th day of February, 1969 for the construction of improvements on the following described lands, to-wit: 411 and 413 Fairground St., 2nd Section, Cobb County, Georgia, at the corner of Fairground Street & Haley Street,

Marietta, Georgia. Said work being done by contractor in accordance with the plans and specifications outlined in said contract." The affidavit was signed "Atlanta Contractors & Engineers, Inc., John M. Jones, Pres."

This affidavit does not meet the requirements of Code Ann. § 67-2001 (2) (Ga. L. 1953, pp. 582, 583; 1956, pp. 185, 187; 1956, pp. 562, 565) for it does not clearly establish that Atlanta Contractors & Engineers, Inc. had paid all bills for labor and materials under the contract in question. By referring to John M. Jones as contractor it leaves the statement at least ambiguous as to whether this was the contract referred to in the plaintiff's complaint. Here the burden was upon the defendant to establish this fact.

In *Short & Paulk Supply Co. v. Dykes,* 120 Ga. App. 639, 641 (171 SE2d 782), this court held that the affidavit offered must unequivocally establish the fact of payment under the contract and that the requirements of the Code section were met. Since the first affidavit was patently deficient in this respect, the judgment of the trial judge in granting the defendant's motion for judgment on the pleadings should be reversed.

I am authorized to state that Chief Judge Bell and Judges Pannell and Evans concur in this dissent.

Evans, Judge, dissenting. The affidavit of "Atlanta Contractors & Engineers, Inc., John M. Jones, Pres." is a nullity. The writer sadly learned this law the hard way in 1932, when he attempted to execute an affidavit for "Bank of Dearing, by Randall Evans, Jr., as Liquidating Agent of the Bank of Dearing." Judges Jenkins, Stephens and Bell explained it to me in unforgettable language in *Bank of Dearing v. Howard,* 44 Ga. App. 663 (162 SE 644). I, therefore, dissent and also concur with Judge Quillian's dissent. Compare *Jackson v. Fincher,* 128 Ga. App. 148, 152 (195 SE2d 762), where the affiant successfully avoided this pitfall.