### 56741. COX v. THE STATE.
### 56742. MEEKS v. THE STATE.

DEEN, Presiding Judge.

1. The defendants were jointly indicted, tried and convicted of motor vehicle theft. The principal witness was the victim who testified that he was the agent of Mrs. B. to rent a trailer, that the defendants came to talk about renting it, that eventually he and the defendants left in the witness' car; that the defendants beat him up and when he went into a store to telephone the police they left with his car. The defense took the position that there were material inaccuracies in the witness' recounting of what happened between him and the defendants, and that one of the inaccuracies was that Mrs. B., the owner of the trailer, had never given the witness authority to rent her trailer to others in the first place.

At a pre-trial motion hearing defense counsel pointed out that this witness had been subpoenaed by both the state and the defense, but had not appeared in court and he asked if any effort had been made to bring her in. The state's attorney then said: "Well, we'll get her here this afternoon sometime, as soon as she gets off work. . . She will be available." Based on this information, apparently, the court abandoned his prior suggestion that a bench warrant issue for the witness. The trial then proceeded, and in the afternoon after the state had closed and the defendants had placed one witness on the stand, counsel pointed out that only the missing witness remained to complete his case. The court then stated that he was granting a delay until 9:00 the following morning to have the witness in court and the assistant district attorney stated: "I'll see that she's here." The court queried: "Are you going to take that responsibility?" to

which he replied, "I will take the responsibility to see that she's here. I'm going to make sure she's here. There'll be no question."

The witness did not appear when court reconvened the following morning. The district attorney reported that she had not returned home and he had been unable to contact her. Counsel again moved for a continuance so that the witness might be procured. The court denied the motion, stating he did not think the evidence sought would be material. "Having properly subpoenaed the witness, the only course open to the defendant when he did not appear was to move the court to have him produced and to move for a continuance or postponement until he was made available to defendant." *Murphy v. State*, 132 Ga. App. 654, 656 (209 SE2d 101) (1974). This is all the more true where the district attorney's office assumed the onus of producing the witness, and, when he failed to do so, in effect "testified" to the court that the witness' appearance would hurt rather than help the defendant's case. This is not a question which may be decided by a mere statement on the part of the state's attorney. It is true that the refusal of a continuance is not cause for a new trial where the defendant is not injured by the ruling, but we gather from *Teal v. State*, 119 Ga. 102 (45 SE 964) (1903) that the burden is on the state to show the absence of the witness was harmless. The mere statement of opposing counsel to this effect is insufficient. See also to the same effect Scott v. United States, 263 F2d 398, 400 (1959); *Waters v. State*, 85 Ga. App. 79 (68 SE2d 233) (1951); Code § 27-2002.

2. We do not pass upon the denial of a motion for mistrial as the situation is not likely to recur.

*Judgments reversed. Smith and Banke, JJ., concur.*

SUBMITTED OCTOBER 4, 1978 — DECIDED OCTOBER 25, 1978.

*August F. Siemon*, for appellants.
*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney*, for appellee.