IN RE INTEREST OF T. W., D. W., B. W., A. W., D. W., AND H. W.,
CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. D. W. AND S. W., APPELLANTS.

453 N.W.2d 436

Filed March 30, 1990.    Nos. 89-711, 89-712.

Douglas Veith and Mary Ellis-Harden, of Veith, P.C., Law Offices, for appellants.

Patrick Kelly, Sarpy County Attorney, and Lawrence D. Gendler for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

In these two cases, the natural parents appeal orders of the separate juvenile court of Sarpy County terminating their parental rights to six of their children.

Because the parents have failed to perfect their appeals in accordance with the Nebraska statutes, this court lacks jurisdiction to rule on the merits of the appeals.

Appeals from the juvenile courts of Nebraska are reviewed in the same manner as appeals from the district court. Neb. Rev. Stat. § 43-2,126 (Reissue 1988). Thus, to perfect an appeal from the juvenile court to the Supreme Court, the appealing

party must, within 30 days after the rendition of such judgment, (1) file a notice of appeal with the juvenile court and (2) deposit with the clerk of the juvenile court the docket fee required by law in appeals to the Supreme Court. Neb. Rev. Stat. § 25-1912 (Reissue 1989). Fulfillment of these requirements vests appellate jurisdiction in the Supreme Court. See *In re Interest of B.M.H.*, 233 Neb. 524, 446 N.W.2d 222 (1989).

As an alternative to depositing a docket fee, a person who is unable to pay the required fee may file an affidavit of poverty and proceed with an appeal in forma pauperis. Neb. Rev. Stat. § 25-2301 (Reissue 1989) authorizes the commencement of an appeal without prepayment of fees and costs "by a person who makes an affidavit that he or she is unable to pay such costs or give security." See, also, *In re Interest of N.L.B., ante* p. 280, 450 N.W.2d 676 (1990).

The transcript reveals that the poverty affidavits filed in both appeals were not signed by the parents, but by their attorney. Section 25-2301 requires that the impoverished appellant, not her or his attorney, execute the affidavit which substitutes for the payment of fees and costs and the posting of security. Approximately a century and a third ago, Georgia established the principle that statutes such as § 25-2301 are to be strictly construed, and, thus, an affidavit of poverty executed by a party's attorney does not suffice. *Elder vs. Whitehead et al.*, 25 Ga. 262 (1857). Accord, *Jackson v. Fincher*, 128 Ga. App. 148, 195 S.E.2d 762 (1973); *Cohen v. Hautcharow*, 84 N.Y.S. 573 (1903). As stated in *Vance v. Vance*, 197 Miss. 332, 335, 20 So. 2d 825, 826 (1945), "[I]f a statute specifically prescribes who shall make a certain affidavit, it can be made by none other than the person specified, although there is nothing in the language of the statute to show that its designation was intended to be exclusive." See, also, *Standard of Beaverdale, Inc. v. Hemphill*, 746 S.W.2d 662 (Mo. App. 1988) (where a statute specifies who can make an affidavit, only an affidavit by that specified person will suffice).

The practice of an attorney's filing an affidavit on behalf of his client asserting the status of that client is not approved, inasmuch as not only does the affidavit become hearsay, but it

places that attorney in a position of a witness thus compromising his role as an advocate. See *Porter v. Porter*, 274 N.W.2d 235 (N.D. 1979) (a dissolution of marriage case where the wife's attorney filed an affidavit stating that his client was unable to pay the entire transcript cost or attorney fees necessary for an appeal).

We hold that generally, in the absence of good cause evident in the record, it is necessary for a party appealing to personally sign the affidavit in support of her or his motion to proceed in forma pauperis.

After careful examination of the record, we conclude that good cause has not been shown why the parents did not personally sign the affidavit. Mere absence from the jurisdiction of the court from which the appeal is being taken, without more, does not show good cause for a party's failure to sign a poverty affidavit. The parents' appeals to this court were not properly perfected, and we are without jurisdiction to hear the appeals on their merits. Accordingly, the appeals to this court are dismissed.

APPEALS DISMISSED.