# Vance *v.* Vance.

(In Banc.   Feb. 12, 1945.)

[20 So. (2d) 825.   No. 35772.]

F. M. Featherston, of Indianola, for appellant.

Neill, Clark & Townsend, of Indianola, for appellee.

Griffith, J., delivered the opinion of the court.

On December 11, 1943, there was filed in the Chancery Court of Sunflower County a bill for divorce in the name of V. L. Vance as complainant, and against his wife Louise Vance. The bill was not sworn to by the ostensi-

ble complainant, but by his mother and also by the attorney of record. The evidence shows that V. L. Vance was at that time a soldier in North Africa, and that he had been in the Army since December 6, 1942. On the hearing, which was at the May 1944 Term of the court, the defendant wife appeared and defended, and in the course thereof it was developed that the bill had been filed at the procurement of Vance's mother who claimed that she had been authorized by her son by letter but she was unable to produce any such letter. The wife introduced two letters from her soldier husband written to her from North Africa, one dated March 5, 1944, and one March 13, 1944, within less than two months before the so-called hearing, in each of which he addressed her as his dear wife, signing himself as her husband, couched in affectionate terms, speaking of the exchange of their photographs, and in one he sent her some North African currency and asked her to keep it until he came home. Looking closely to these two letters, the inference can hardly be escaped that he knew nothing of any divorce proceedings, and that if there had been any marital breaches on the part of the wife, they had been condoned and forgiven.

The above is stated in order to point up the pertinency of what we are deciding herein. Timely objection was made in the trial court to any hearing on the bill because of the want of the statutory affidavit by the complainant, to which reply was made, as is made here, that the affidavit was sufficient under Sec. 1661, Code 1942, which provides that "in all cases where the oath or affirmation of the party is required, such oath or affirmation may be made by his agent or attorney, and shall be as effectual for all purposes as if made by the party."

The rule is that if a statute specifically prescribes who shall make a certain affidavit, it can be made by none other than the person specified, although there is nothing in the language of the statute to show that its designation was intended to be exclusive. 1 Am. Jur., p. 935. It

was by the application of this rule that this Court has held that the affidavit to a probated claim can be made only by the creditor himself. Persons v. Griffin, 112 Miss. 643, 73 So. 624, and cases therein cited.

But the language of the statute as to a divorce bill shows by its terms that the designation of the complainant as the person to make the affidavit to the bill was intended to be exclusive. See 2737, Code 1942, says that "The proceedings to obtain a divorce shall be by bill in chancery, and shall be conducted as other suits in chancery *except* that . . . (6) in all cases the bill must be accompanied with an affidavit of complainant that it is not filed by collusion with the defendant, for the purpose of obtaining a divorce, but that the cause or causes for divorce stated in the bill are true as stated." (Italics ours.) This excludes the operation of the general statute, Sec. 1661, Code 1942, above quoted, as respects the stated exception under numeral (6) also above quoted.

We turn to Amis on Divorce and Separation in Mississippi, a volume which we regularly consult next after the statutes, and there the learned author states, on p. 349, that "the affidavit must be positive and unequivocal. It may not be made by an attorney, next friend or guardian. The purpose of the statute is to purge the conscience of the complainant touching the question of collusion."

The case Hinkle v. Lovelace, 204 Mo. 208, 102 S. W. 1015, 11 L. R. A. (N. S.) 730, 120 Am. St. Rep. 698, 11 Ann. Cas. 794, is in point and is perhaps the one case most nearly so. After adverting to the strictly personal nature of a divorce petition and that whether a marital offense shall be overlooked, or condoned, or forgiven is a matter in which no other person has any controlling concern and is to be determined solely by the injured spouse, and that in such matters no other person than the husband and the wife can have that inner knowledge and feeling which, in the nature of things, they alone can possess, the court concluded that only the petitioning party can make the affidavit to the bill, and we concur in

that conclusion as a matter of legal principle, even if our statute were less persuasive towards the same result.

But we are not holding that the failure to make the statutory affidavit by the complainant himself or herself will render the subsequent proceedings void, including the decree. We are not saying that the bill should be dismissed for want of jurisdiction, but that the decree will be vacated and the cause remanded, and that it may not be proceeded with further until the required affidavit is made by the complainant personally.

Reversed and remanded.