RODGERS, Justice:
This is a divorce suit in which the chancery court granted a divorce, granted support money for a minor, and partitioned certain property belonging to the parties as tenants in common.
The original bill was filed in the Chancery Court of Copiah County, Mississippi, by Clifton Marshall, asking the court to grant him a divorce from the appellee on the ground of cruel and inhuman treatment, and asking for a partition of certain real property owned by‘appellant and appellee. Willie T. Marshall, the appellee, answered the divorce bill and denied the charge that she caused the separation. She made her answer a cross-bill in which she charged the appellant, Clifton Marshall, with adultery. Before the trial date the appellant was permitted to withdraw his original bill. He then filed his answer to the cross-bill. He employed new attorneys. The appellee was at this point permitted to amend her cross-bill so as to charge that the parties were separated on December 23, 1959, and that the appellant had refused to live with her since that date. Appellee charged that the appellant became infatuated with another woman, and was guilty of adultery with this woman. The appellee alleged that as a result of appellant’s conduct he deserted the appellee for the statutory period prior to the filing of the original cross-bill. The amended cross-bill also alleged that certain property described therein belonged to appellant and appellee as tenants in common, but alleged that it had been divided by an oral agreement. The appellee alleged that she was entitled to be refunded for taxes and certain funds advanced by her to pay off trust deeds and for the preservation of the property. The cross-bill sought a divorce and division of the property. It also sought support for their son, who was then in college.
The appellant, Clifton Marshall, filed his answer in which he denied the charges in the cross-bill, but admitted the joint ownership of the property.
The case was tried, and the chancellor heard the evidence and decided that the testimony was sufficient to establish that appellant was guilty of adultery and desertion. He granted the appellee a divorce. The court was also of the opinion that the appel-lee was entitled to be repaid for certain monetary advances made by her, and that these advances should be taken into consideration in the division of the real property. He appointed commissioners to divide the property. He also required the appellant to pay part of the funds being expended by the appellee in sending their son to college.
Appellant contends on appeal that the evidence was not sufficient to establish adultery or desertion, but our examination of the evidence has convinced us that the appellant’s own testimony, taken together with the other circumstances shown in the case, is sufficient to warrant the decision of the chancellor on both grounds for divorce.
It was not necessary for the appellee to prove that she “ever caught appellant in an adulterous act with Eliza Bailey, or any one else.” Where the testimony is clear and convincing, this act may be shown by circumstantial evidence. Hulett v. Hulett, 152 Miss. 476, 119 So. 581 (1928); Nix v. Nix, 253 Miss. 565, 176 So.2d 297 (1965).
The appellant contends that there was no proof in the record showing that the alleged adultery was not committed by col *646 lusion, and that the amended cross-bill was not verified by an affidavit as required by law.
It is true that section 2737, Mississippi Code 1942 Annotated (1956) requires that a bill for divorce be verified. The pertinent part of this section is as follows:
“And (6) in all cases the bill must be accompanied with an affidavit of complainant that it is not filed by collusion with the defendant, for the purpose of obtaining a divorce, but that the cause or causes for divorce stated in the bill are true as stated.”
An examination of the record reveals that the affidavit attached to the amended cross-bill states (leaving off the formal parts): “* * * who, having been duly sworn, states that the things, matters and facts set forth in the above and foregoing Amended Cross-Bill of Complaint are true and correct as therein stated, (signed Willie T. Marshall).”
The argument of the appellant overlooks the fact that he sought a divorce in his original bill, and his original bill was verified by an affidavit signed by him in which he stated that “this bill is not filed in collusion with the defendant for the purpose of obtaining a divorce.” Also, the appellee’s original cross-bill charged that the defendant was guilty of “open adultery.” Moreover, the affidavit attached to this original cross-bill alleged: “(T)hat the above cross-bill is not filed by collusion with the cross-defendant for the purpose of obtaining a divorce, but that the cause for divorce stated in the cross-bill is true and correct as therein stated.” (Emphasis added.)
This case was ardently contested in the chancery court, and the trial itself shows that there was no collusion between the parties for the purpose of obtaining a divorce. Moreover, this point of contention is raised here for the first time.
In the case of Vance v. Vance, 197 Miss. 332, 20 So.2d 825 (1945), the original bill was verified by the mother of the complainant and his attorney. On appeal to this Court we held that the trial court should not have proceeded to hear the divorce case until the complainant husband, who was away in the armed forces, had verified the original bill. We do not believe the facts in the Vance case are controlling in this case, because this Court was careful to point out in Vance that the wife made a timely objection in the chancery court against further proceedings until the bill was verified by the husband as required by the statute.
We are of the opinion that this point of contention is not well taken for two reasons: (1) The order granting the appellee the right to amend the cross-bill shows that the application was “for leave to amend her original cross-bill of complaint so as to include an amended cross-bill of complaint,” and (2) The objection that the cross-bill was not properly verified does not raise a jurisdictional issue. Therefore, since this Court has repeatedly held that “questions of whatever nature not definitely raised in the trial court and preserved for review will not be noticed on appeal,” we will not reverse this case on an issue not previously presented to the trial court. See the many cases collected by Judge Griffith in Mississippi Chancery Practice section 676 (2d ed. 1950).
A careful review of the record in this case has convinced us that the chancellor reached a proper solution of the issues here involved under the facts shown in the record, as to the divorce, the support of their son, and the partition of the property belonging to the parties. We find no merit in the other issues presented for our consideration, and for that reason we hold that the decree of the chancery court should be and is hereby affirmed.
Affirmed.
GILLESPIE, P. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.